**William B. SINGLETON, on behalf of himself and all other inmates confined in the State Correctional Institution in Pennsylvania similarly situated,**

**v.**

**Raymond P. SHAFER, Governor, William C. Sennett, Attorney General, and Alfred T. Rundle, Superintendent.**

**Civ. A. No. 70–816.**

United States District Court,
E. D. Pennsylvania.

May 26, 1970.

## OPINION

LUONGO, District Judge.

William B. Singleton seeks leave to file and proceed in *forma pauperis* with

this suit allegedly under the Civil Rights Act, 42 U.S.C. § 1981 et seq., on behalf of himself and all other inmates confined in Pennsylvania Correctional Institutions. The named defendants are Raymond P. Shafer, Governor of Pennsylvania, William C. Sennett, Attorney General of Pennsylvania, and Alfred T. Rundle, Superintendent of the State Correctional Institution at Graterford, Pennsylvania. The basis of the complaint is that the statute repealing the so-called "good-time" statute in Pennsylvania (P.L. 166, § 1 et seq., May 11, 1901; Repealed July 23, 1965, P.L. 244, #138, § 1) violates prisoners' constitutional rights because it is a bill of attainder and because it discriminates against Pennsylvania inmates. The relief sought is an injunction prohibiting defendants from operating under the repealing statute and ordering the Harvard Law School or Temple Law School to draft a new "good-time" statute to be submitted to the General Assembly of Pennsylvania.

The claims set forth in the complaint are wholly lacking in merit and leave to proceed in *forma pauperis* will therefore be denied. *Cf.* Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).

The "good-time" statute provided, in pertinent part:

"Commutation for good behavior.

Every convict confined in any state prison, penitentiary, workhouse, or county jail in this state, on a conviction of felony or misdemeanor * * * where the term or terms equal or equals or exceeds one year, exclusive of any term which may be imposed by the court or by statute as an alternative to the payment of a fine, or term of life imprisonment, may, if the governor shall so direct, and with the approval of the board of inspectors or managers, earn for himself or herself a commutation or diminution of his or her sentence or sentences as follows, namely: Two (2) months for the first year, three (3) months for the second year, four (4)

months each for the third and fourth years, and five (5) months for each subsequent year. * * * *" P.L. 166, § 1, May 11, 1901 (formerly 61 P.S. § 271 et seq.)

A "bill of attainder" is a "legislative act which inflicts punishment without a judicial trial." Dodez v. United States, 154 F.2d 637, 638 (6th Cir.), rev'd sub. nom. on other grounds Gibson v. United States, 329 U.S. 338, 67 S.Ct. 301, 91 L. Ed. 331 (1946). See Communist Party of United States v. Subversive Activities Control Board, 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961). The gist of plaintiff's argument is that, before repeal, sentences exceeding one year included the right to have the sentence reduced under the "good-time" statute, and repeal of the statute, therefore, constituted imposition of punishment without a trial.

Under Pennsylvania law courts are required to impose a minimum and maximum sentence, but the maximum is the only portion of the sentence with legal consequence; it is the "real sentence." The minimum only reflects the judge's opinion that the propriety of parole might be considered after the minimum has been served. Commonwealth v. Daniel, 430 Pa. 642, 243 A.2d 400 (1968). The maximum sentence must be served unless the prisoner is pardoned or paroled or unless his sentence is commuted.

 "Commutation" is defined as "a reduction in the length of the sentence, effecting a discharge of the prisoner without any further supervision over him by the state authorities." Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 585, 28 A.2d 897, 900 (1942). Under the Pennsylvania Constitution of 1874, the executive branch of government was granted exclusive jurisdiction in matters of pardon or commutation. Art. 4, § 9, Pennsylvania Constitution of 1874, P.S. Commonwealth ex rel. Banks v. Cain, *supra.* Commutation under the "good-time" statute ultimately depended upon the exercise of the Gov-

ernor's discretion; it was a matter of executive grace.[1] There was no vested right in having a sentence reduced even if all other conditions set forth in the statute had been fulfilled, i. e., good behavior and approval of the board of inspectors. See United States ex rel. Forino v. Garfinkel, 166 F.2d 887 (3d Cir. 1948); In re Raymond, 110 F. 155 (E.D.Pa.1901). The statute merely set forth a particular ground for executive clemency. Since a prisoner was subject to the maximum sentence and commutation was solely a matter of executive grace, there was and is no vested right in the continuing existence of the statute. Under these circumstances repeal of the statute did not constitute imposition of punishment without a judicial trial nor did it constitute an *ex post facto* law inflicting greater punishment. See United States ex rel. Forino v. Garfinkel, *supra*.

Plaintiff's equal protection claim is likewise without merit. Plaintiff argues that since two-thirds of all states and the federal penal system provide for a reduction in sentence for good behavior, inmates of Pennsylvania prisons are being deprived of the equal protection of the laws.

The administration of a state's penal system is a state law matter. Rose v. Haskins, 388 F.2d 91 (6th Cir.), cert. denied, 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408 (1968). Glancy v. Parole Board, 287 F.Supp. 34 (W.D. Mich.1968); Commonwealth ex rel. Rawlings v. Botula, 260 F.Supp. 298 (W.D.Pa.1966). Federal law does not require that the states maintain even a minimal system of parole or pardon, much less a particular scheme for giving credit for good behavior. See Rose v. Haskins, *supra*. A state may provide any system of commutation it desires and so long as all prisoners within its jurisdiction are treated equally, there is no violation of prisoners' rights to the equal protection of the laws. The fact that other states continue to give credit for "good-time" and that Pennsylvania has chosen to discontinue the practice affords no basis for a claim of denial of the equal protection of the laws.

Since the claims asserted in the complaint are patently without merit, the petition to proceed in *forma pauperis* will be denied.

---

1. Both the Constitution of 1874 and the "good-time" statute provided that the Governor could act in such matters only upon the approval of the Lieutenant Governor, Attorney General, Secretary of the Commonwealth and the Secretary of Internal Affairs. Art. 4, § 9, Pennsylvania Constitution of 1874; P.L. 166, § 5, May 11, 1901. In 1967, however, Art. 4, § 9 was amended to create a Board of Pardons to handle recommendations on such matters to the Governor.