358 So.2d 943 (1978)
STATE of Louisiana
v.
Clarence WILLIAMS.
No. 60927.
Supreme Court of Louisiana.
April 10, 1978.
*944 Lyall G. Shiell, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
*945 DENNIS, Justice.
Defendant was charged with a violation of La.R.S. 14:95.1, possession of a firearm by one previously convicted of a felony. After conviction by a unanimous jury, defendant was charged under La.R.S. 15:529.1 as a multiple offender. He pleaded guilty to being a second offender and was sentenced to serve nineteen years and eleven months at hard labor. Defendant now appeals, relying upon four assignments of error for reversal of his conviction and sentence.
ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial court erred when it denied his motion to quash the indictment based on the unconstitutionality of La.R.S. 14:95.1. Defendant attacks the statute on two fronts: first, he argues that 14:95.1 is an ex post facto law insofar as it premises increased penalties for carrying a concealed weapon upon a conviction which occurred prior to the enactment of the statute; second, he contends that 14:95.1 violates Article I, Section 20 of the Louisiana Constitution of 1974, since that section provides for restoration of "full rights of citizenship" upon termination of supervision following conviction of any offense.
In State v. Sepulvado, 342 So.2d 630 (La. 1977), this Court discussed the definition of an ex post facto law:
"An ex post facto law, by definition, is one which is passed after the occurrence of a fact or commission of an act, which retrospectively changes the legal consequences or relations of such fact or deed. Black's Law Dictionary 662 (Rev. 4th ed. 1968). See also La.Civil Code art. 8.
"Certain criteria for determining if a law is ex post facto have been established. The ex post facto prohibition comes into effect when a law makes an act criminal which was innocent when done and punishes such action; or aggravates a crime or makes it greater than when committed; or changes the punishment and inflicts a greater punishment than the law in effect when the crime was committed; or alters the rules of evidence to receive less or different testimony that the law required at the time the offense was committed in order to convict. Calder v. Bull, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798). A fifth category holds that any law is considered ex post facto which is enacted after the offense was committed and which alters the situation of the accused to his disadvantage. Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506 (1882); Payne v. Nash, 327 F.2d 197 (8th Cir. 1964); State v. Ferrie, 243 La. 416, 144 So.2d 380 (1962); 16A C.J.S. Constitutional Law §§ 440-46 (1956)." 342 So.2d at 635.
Although this court has never been directly confronted with a contention that La.R.S. 14:95.1 constitutes an ex post facto law with respect to convictions which occurred prior to the effective date of the statute, an analogous situation was presented in State v. Guidry, 169 La. 215, 124 So. 832 (1929). In that case, the defendant contended that Act 15 of 1928 was an unconstitutional ex post facto law because it provided for increased penalties for the second offense committed by an "habitual offender," notwithstanding the fact that the act was passed after defendant was convicted of the initial offense which formed the basis for the increased sentence. This Court rejected the defendant's argument, stating:
"* * * `[A] law is not objectionable as ex post facto which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into account, and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first, and it has not been deemed objectionable that, in providing for such heavier penalties, the prior conviction authorized to be taken into the account may have taken place before the law was passed. In such case, it is the second or subsequent offense, that is punished, not the first.' McDonald v. Mass., 180 U.S. page 311, 21 S.Ct. 389, 45 *946 L.Ed. 542; State of Iowa ex rel. Gregory v. Jones, Warden (D.C.) 128 F. 626; Com. v. Graves, 155 Mass. 163, 29 N.E. page 579, 16 L.R.A. 256. See, also, In re Allen, 91 Ohio St. 315, 110 N.E. 535, 537; Blackburn v. State, 50 Ohio St. 428, 36 N.E. 18." 124 So. at 836.
Similar problems have also arisen with regard to the federal firearms act,[*] which prohibits convicted felons from transporting or receiving firearms in interstate commerce. Faced with contentions that the act was unconstitutional as an ex post facto law as applied to one who was convicted of a felony prior to the passage of the act, the federal courts have rejected such arguments, noting that "[the Constitution] . . . does not prevent the regulation by Congress of conduct, which it has the power to regulate, even though subjection to the regulation depends upon behavior occurring before the enactment of the statute." Smith v. United States, 312 F.2d 119, 121 (10th Cir. 1963). See also, Elliott v. Beto, 419 F.2d 128 (5th Cir. 1969); Lafave and Scott, Criminal Law, § 12 (1972); Annotation, 13 A.L.R.Fed. 103, 121.
We believe that a similar rationale is applicable in the instant case. The fact that the conduct proscribed by La.R.S. 14:95.1 is dependent upon the circumstance of an earlier conviction which, in the present case, occurred before the statute, does not impose a greater penalty for a crime which has already been committed. Rather, La.R.S. 14:95.1 prohibits specified future conduct, the carrying of a concealed weapon, and sets forth penalties to be exacted if such conduct occurs. The wording of the statute put the defendant on notice of the consequences of his contemplated act, and it did not become an ex post facto law because liability was premised upon a past conviction. Defendant's first argument lacks merit.
Under his first assignment of error, defendant further argues that La.R.S. 14:95.1 is violative of Article I, § 20 of the Louisiana Constitution of 1974, in that Section 20 provides for restoration of full rights of citizenship after termination of supervision following conviction of any offense. Defendant contends that one of the rights of citizenship thereby granted is the right to keep and bear arms, and that the statutory provision is thus in contravention of the constitutional requirement.
In State v. Amos, 343 So.2d 166 (La. 1977), an identical argument was advanced by the defendant and was rejected by this Court. Therein we stated:
"To be sure, La.R.S. 14:95.1 is addressed to persons who are citizens of this state by virtue of having terminated state and federal supervision following their convictions. La.Const. art. 1, § 20 (1974). These persons have, nonetheless, previously been convicted of serious criminal offenses; restoration of citizenship cannot erase this fact. The verbatim transcripts of the constitutional convention debates indicate that neither La. Const. art. 1, § 11 nor La.Const. art. 1, § 20 were ever intended to preclude the type of legislation disputed herein. We are satisfied that it is reasonable for the legislature in the interest of public welfare and safety to regulate the possession of firearms for a limited period of time by citizens who have committed certain specified serious felonies. Courts of other states having statutes and constitutional provisions comparable to our own have similarly concluded that such regulation is constitutionally permissible as a reasonable and legitimate exercise of police power. People v. Blue, 544 P.2d 385 (Colo.1975); State v. Krantz, 24 Wash.2d 350, 164 P.2d 453 (1945); Akron v. Williams, 113 Ohio App. 293, 177 N.E.2d 802 (1960); 79 Am.Jur.2d Weapons § 24 (1975).
"For the foregoing reasons, we are satisfied that La.R.S. 14:95.1 does not impermissibly contravene the rights guaranteed in La.Const. art. 1, § 11 (1974)." 343 So.2d at 168. (Footnote omitted.)
See also, State v. Sanders, 357 So.2d 492 (La.1978).
*947 We find defendant's first assignment of error to be unmeritorious.
ASSIGNMENTS OF ERROR NOS. 4 AND 5
In these assignments, the defendant contends that the trial judge erred by allowing the State's rebuttal argument to go beyond the scope of the defendant's closing argument, and by refusing to correct the error by allowing the defense to make a surrebuttal argument.
An examination of the transcript reveals that the prosecutor's remarks were directed toward rebutting the defense attorney's contention that the State had failed to prove its case beyond a reasonable doubt. Thus, the argument was properly within the scope of Louisiana Code of Criminal Procedure Article 774, which provides that "the state's rebuttal shall be confined to answering the argument of the defendant."
Further, we find without merit defendant's contention that he should have been allowed to "rebut the state's rebuttal." Louisiana Code of Criminal Procedure Article 765 provides that the state shall have the last argument to the jury. Addressing this same issue in State v. Wiggins, 337 So.2d 1172, 1173 (La.1976), this Court stated:
"The defendant had no right, as here claimed, to make surrebuttal argument to the state's closing rebuttal argument. La.C.Cr.P. art. 765(6). The defendant cites no legal authority in support of his contention that the statutory order of argument (state, defense, state rebuttal) provided by this article is unconstitutional.
"This is, in fact, the prevailing statutory order of argument in American jurisdictions. 5 Wharton's Criminal Law & Procedure, Section 235 (Anderson ed., 1957). The Uniform Rules of Criminal Procedure, 521(7) (1974) (Natl. Conf. Comm'rs. Uniform State Laws), recommend that rebuttal and surrebuttal be authorized within the discretion of the court, but there is no intimation that the prevailing procedure offends any constitutional guarantee to a fair trial."
Defendant's assignments of error numbers four and five are without merit.
ASSIGNMENT OF ERROR NO. 6
Defendant contends that he was improperly multiple-billed because La.R.S. 14:95.1 is unconstitutional under Article I, § 20 of the Louisiana Constitution of 1974, because he was denied a jury trial at the multiple bill hearing, and because the multiple bill procedure authorized by La.R.S. 15:529.1 is not applicable to a prosecution under La. R.S. 14:95.1
This Court has previously rejected arguments that La.R.S. 14:95.1 is in violation of Article I, § 20 of the Louisiana Constitution of 1974, State v. Amos, 343 So.2d 166 (La.1977), and that a defendant is entitled to a jury trial in a multiple offender proceeding under La.R.S. 15:529.1. State v. Williams, 326 So.2d 815 (La.1976).
There is merit, however, in defendant's contention that a conviction of violation of the firearms statute, which is itself a recidivist law, may not be used to have one adjudged to be an habitual offender. In State v. Sanders, 337 So.2d 1131 (La. 1976), this Court held such an application to be contrary to the legislative intent, stating:
"The firearms statute at issue here, R.S. 14:95.1, was enacted in 1975 and, as previously explained, provides that possession or concealment of a weapon by a person who has previously been convicted of one of the offenses therein enumerated is a felon, and that punishment therefor is confinement for three to ten years. Under the statute it is not the possession or concealment of a weapon standing alone which is a felony. It is made a felony only when the person committing the act has previously been convicted of one of the enumerated offenses. The act of possessing or concealing becomes a felony only because the person has the status of convicted felon. Consequently, the *948 legislature has itself imposed an increased penalty on a possessor or concealor of a weapon, if he is a felon, by means of this legislation specially aimed toward the convicted felon. We assume that the legislature was prompted to make this change because a person multiple-billed after conviction under the original statute, R.S. 14:95, could usually be given only a very short sentence. Since the legislature in passing R.S. 14:95.1 has in that very statute provided enhanced penalties for the act of concealing a weapon when the concealor is a felon, we therefore presume that it must not have intended the multiple enhancement incident to the state's using R.S. 15:529.1 to further enhance the penalty." 337 So.2d at 1134. (Footnotes omitted.)
Accordingly, the trial court in the instant case erred in failing to quash the multiple offender bill of information. Therefore, the conviction of the defendant is affirmed, but the sentence is vacated and the case is remanded for sentencing pursuant to the views expressed in this opinion.
NOTES
[*] 18 U.S.C. § 922 (formerly 15 U.S.C. § 902).