Travis H. BEEBE, Petitioner-Appellee,

v.

C. Paul PHELPS, et al., Respondents-Appellants.

No. 80–3504.

United States Court of Appeals, Fifth Circuit. Unit A

July 16, 1981.

J. Marvin Montgomery, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, La., for respondents-appellants.

George M. Strickler, Jr. (court-appointed), Jane L. Johnson (court-appointed), New Orleans, La., for petitioner-appellee.

Before BROWN and GARZA, Circuit Judges, and SCHWARTZ,[*] District Judge.

PER CURIAM:

Having examined the record and the briefs fully, and having taken into account the subsequent decision in *Weaver v. Graham*, —— U.S. ——, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), we agree with the opinion in the Order of United States District Judge Morey L. Sear, attached hereto as an Appendix, granting the writ of habeas corpus to the extent that respondents-appellants be required to restore 180 days of good time to the petitioner-appellee.

AFFIRMED.

APPENDIX

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVIS H. BEEBE | * | |
| VERSUS | * | NO. 79–4720 |
| C. PAUL PHELPS, ET AL. | * | SECTION G |
| * * * * * * | | |

ORDER

Petitioner, Travis H. Beebe, pled guilty June 7, 1966 in Criminal District Court for the Parish of Orleans to a charge of armed robbery. He was sentenced to twenty years imprisonment, and was paroled on November 12, 1972. On May 6, 1978, he was convicted in the Ninth Judicial District Court for the Parish of Rapides on a charge of possession of a firearm by a felon. As a result of the firearms conviction, petitioner was sentenced to three years imprisonment, to run concurrently with the remainder of his twenty-year sentence, his parole was revoked, and he forfeited 180 days of previously earned "good time," pursuant to La.

Rev.Stat.Ann. 15:571.4(B), (C) (West Supp. 1980). He presently is incarcerated at the Hunt Correctional Center. In habeas corpus proceedings before the Nineteenth Judicial District Court for the Parish of East Baton Rouge and the Louisiana Supreme Court, petitioner asserted that the statutory forfeiture provision, as applied to him, is an *ex post facto* law prohibited by the state [1] and federal [2] constitutions, but the state courts denied relief. Having exhausted his available state court remedies, petitioner brings this *pro se* proceeding, pursuant to 28 U.S.C. § 2254, seeking restoration of his good time. The matter was referred to a United States Magistrate, who recommended that the petition for writ of habeas corpus be dismissed, under the authority of *State ex rel. Bickman v. Dees*, 367 So.2d 283 (La.1978) (per curiam). I disagree.

In 1966, the Louisiana statutory provision authorizing diminution of sentence for good behavior for persons committed to the custody of the Department of Corrections was silent on the question of the effect of parole revocation of previously earned good time. *See* 1964 La.Acts, No. 426, § 2 (codified at La.Rev.Stat.Ann. 15:571.4(B) (West 1967)). However, the good time statute subsequently was amended to provide for the forfeiture of a maximum 180 days good time by inmates returned to an institution for parole violation on or after July 26, 1972. La.Rev.Stat.Ann. 15:571.4(B), *as amended by* 1972 La.Acts, No. 739, § 1, 1974 La.Acts, No. 200, § 1, and 1977 La.Acts, No. 665, § 1 (codified at La.Rev.Stat.Ann. 15:571.4(B), (C) (West Supp. 1980), *as construed in State ex rel. Bickman v. Dees, supra*, at 289–91. Thus, the forfeiture provision was in effect prior to petitioner's parole, but subsequent to his commission of armed robbery.

As noted by the Louisiana Supreme Court in *State ex rel. Bickman v. Dees, supra*, at 291, it is well settled that any law passed after the commission of an offense that, in relation to that offense or its consequences, alters the situation of a party to his disadvantage, is an unconstitutional *ex post fac-*

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

1. La.Const. Art. I, § 23 (1974).

2. U.S.Const. Art. I, § 9, cl. 3.

to law. *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798); *In Re Medley,* 134 U.S. 160, 171, 10 S.Ct. 384, 387, 33 L.Ed. 835 (1890). Yet, in denying petitioners relief in that case, the court did not focus on the practical effect the forfeiture provision had on the length of their original sentences. Rather, the court reasoned that a major principle underlying the ban on *ex post facto* laws is that such laws fail to provide a "fair warning" of the extent to which one can be punished for the commission of a crime. *State ex rel. Bickman v. Dees, supra,* at 291. Thus, since a person paroled after July 26, 1972 was put on notice that he would forfeit good time if his parole was revoked, there was no *ex post facto* violation. *Id.* Without further discussion, the court suggested a comparison to *State v. Williams,* 358 So.2d 943 (La.1978) and La-Fave & Scott, Criminal Law § 12 (1969). *Williams* concerns a challenge to punishment under the Louisiana multiple offender statute, and the applicable section of La-Fave and Scott also includes a discussion of repeat offender statutes. It is well settled that enhanced punishment for multiple offenders does not offend the *ex post facto* prohibition, even if the enhancement provisions are adopted after the first offense, because the defendant is being punished not for the first, but for the subsequent offense or offenses. *See* LaFave & Scott, *supra,* at 92.

The crucial issue here, however, is not that petitioner had notice that he would forfeit his accrued good time if he violated parole, but that the forfeiture provision, which was passed after the commission of the armed robbery, alters his punishment for that offense to his disadvantage. The forfeiture is not a punishment for the second offense; the three-year prison term is the punishment. Rather, the forfeiture of good time is a sanction that extends the time remaining on petitioner's original sentence. The practical effect is a statutory increase in punishment for the first offense, enacted subsequent to the commission of the offense.

It appears that *Greenfield v. Scafati,* 277 F.Supp. 644 (D.Mass.1967), *aff'd mem.,* 390 U.S. 713, 88 S.Ct. 1409, 20 L.Ed.2d 250 (1968), controls this case. In *Greenfield,* a three-judge court considered a challenge to a Massachusetts statute that suspended for six months the good time eligibility of prisoners reincarcerated after parole revocation. The court held that the statute could not be applied to parole violators who were originally sentenced for crimes committed prior to the statute's effective date. In the court's opinion, the limitation on earning good time had the effect of lengthening the petitioner's sentence, thus impermissibly altering his situation to his disadvantage. The court noted that the suspension provision could be applied to prisoners sentenced for crimes committed after the statute's effective date without constituting an unconstitutional *ex post facto* law.

The *Greenfield* case was not mentioned nor its rationale discussed by the court in *Singleton v. Shafer,* 313 F.Supp. 1094 (E.D. Pa.1970), which found no *ex post facto* violation where a Pennsylvania statute enacted after petitioner's commission of the crime for which he was sentenced completely abolished good time. The court reasoned that good time was not a vested right, but solely a matter of executive grace. Thus, repeal of the good time statute was not viewed as increasing petitioner's punishment.

The *Singleton* court's reliance on the right/privilege distinction is no longer justified. In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Court said the ability to assert a constitutional right does not depend upon "whether a governmental benefit is characterized as a 'right' or as a 'privilege.'" *Id.,* 408 U.S. at 481, 92 S.Ct. at 2600, *quoting Graham v. Richardson,* 403 U.S. 365, 374, 91 S.Ct. 1848, 1853, 29 L.Ed.2d 534 (1971). Rather, the relevant inquiry should be whether the denial of a benefit would amount to a significant loss to the claimant. *Id.* In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that nothing in the Constitution requires the granting of good time credit, but that once a state adopts good time provisions and a prisoner earns credit, the deprivation of that good time constitutes a substantial sanction, and a prisoner properly can claim

that a summary deprivation of good time amounts to a deprivation of liberty without due process of law. *See also Geraghty v. U. S. Parole Comm'n*, 579 F.2d 238, 265–66 n.136 (3d Cir. 1978) (declining to follow and questioning the validity of *Singleton*, in light of *Morrissey* and *Wolff); Shepard v. Taylor*, 556 F.2d 648, 654 (2d Cir. 1977) ("Since parole eligibility is considered an integral part of any sentence, cf. *Warden v. Marrero*, 417 U.S. 653, 663, 94 S.Ct. 2532 [2538, 41 L.Ed.2d 383], . . . . (1974), official port-sentence [*sic*] action that delays eligibility for supervised release runs afoul of the *ex post facto* proscription.").

A writ of habeas corpus is the proper federal remedy of a state prisoner seeking speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 487–89, 93 S.Ct. 1827, 1835–36, 36 L.Ed.2d 439 (1973). For the reasons cited herein, La.Rev.Stat.Ann. 15:571.4(B), (C) (West Supp. 1980) constitutes an unconstitutional *ex post facto* law as applied to petitioner. Accordingly, his petition for q writ of habeas corpus is GRANTED to the extent that defendant is required to restore to petitioner 180 days good time.

/s/ Morey L. Sear
   MOREY L. SEAR
   UNITED STATES DISTRICT JUDGE.