WILLIAMS, Judge.
On August 3, 1983, defendant, Edgar Theard, was charged by a single bill of information with armed robbery in violation of LSA-R.S. 14:64, and possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. The defendant pled not guilty at arraignment. The counts were severed for trial. After a trial by jury on the armed robbery charge, defendant was found guilty as charged. He pled guilty to a multiple bill and was sentenced to sixty years at hard labor. At a subsequent jury trial defendant was found guilty on the 14:95.1 charge. The court sentenced defendant to ten years at hard labor. Defendant appeals the convictions.
On the morning of July 19, 1983, Calvin Bell and Herbert Williams left a French Quarter restaurant to return to their car. As the men got ready to leave, two men riding a Moped approached the car. Defendant allegedly approached the driver’s side, exhibited a gun, and ordered Bell and Williams out of the car. The men relinquished the car and the two assailants fled, one driving the car and the other on the Moped. The ear was later seen in the Desire Housing Project by a police officer. After a short chase, the two assailants left *792 the car and fled on foot. - The police officer pursued the defendant and apprehended him shortly after 6:00 a.m. During the chase the officer saw the defendant throw a pistol on the roof of a building. The weapon was recovered with the aid of the New Orleans Fire Department.
The victims identified Theard as the assailant in a photographic lineup and again at both trials. Additionally, they each identified the gun as resembling the weapon used in the armed robbery.
At the trial on the armed robbery, defendant took the stand on his own behalf. He testified that he had been visiting a girl friend the morning he was arrested but he produced no witnesses to corroborate his testimony. Additionally, defendant testified that he had an injury to his leg and would not be able to run from the officer as claimed. Theard showed the jury scars on his leg and showed that he wore orthopedic shoes. The police officer testified that the defendant was running “full stride” prior to his arrest.
At his trial on the LSA-R.S. 14:95.1 charge, the jury was removed, and defendant was called to the stand. Theard told the judge he did not intend to testify on his own behalf and desired to invoke his rights under the Fifth Amendment.
We have reviewed the records of both trials for errors patent and find none.
We have also reviewed the records of both trials for sufficiency of the evidence. LSA-R.S. 14:64 states in pertinent part:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another by use of force or intimidation, while armed with a deadly weapon.
We find the evidence introduced at trial sufficient to support Theard’s armed robbery conviction.
Evidence at trial on the LSA-R.S. 14:95.1 charge established that Theard was a convicted felon and that he was carrying a firearm when he robbed Calvin Bell of his automobile. The arresting officer’s testimony coupled with the identification of the weapon by the victims is sufficient to support defendant’s conviction for possession of a firearm by a convicted felon.
In his assignment of error concerning his conviction for violation of LSA-R.S. 14:95.1, defendant argues that the state could not use his 1980 aggravated battery conviction as the predicate offense for the LSA-R.S. 14:95.1 charge because the state had already used that offense as part of the multiple bill for the armed robbery. Defendant claims that using the same conviction twice, once to supply an element of LSA-R.S. 14:95.1 and once to supply an element of the multiple offender statute, placed him in double jeopardy. Defendant cites State v. Williams, 358 So.2d 943 (La.1978) in support of his argument.
In Williams the Louisiana Supreme Court, citing State v. Sanders, 337 So.2d 1131 (La.1976), ruled that a defendant convicted of violating LSA-R.S. 14:95.1, a crime with an essential element being that the accused has a prior felony conviction, could not have his sentence enhanced under LSA-R.S. 15:529.1 because “the legislature in passing R.S. 14:95.1 has in that very statute provided enhanced penalties for the act of concealing a weapon when the con-cealor is a felon, we therefore presume that it must not have intended the multiple enhancement incident to the state’s using R.S. 15:529.1 to further enhance the penalty.”
We find that the Williams situation is distinguishable from the case at bar and that defendant has misconstrued Williams as it relates to his own case. Here, defendant’s prior conviction for aggravated battery was used as a predicate offense to multiple bill him on the current armed robbery conviction and to charge him with violating LSA-R.S. 14:95.1. The situation presented in this case was addressed in State v. Hayes, 412 So.2d 1323 (La.1982):
Defendant pleads double jeopardy due to the prosecution’s use of his 1972 aggravated battery conviction as both an *793 element of his felon-firearm conviction and as a predicate for his multiple offender adjudication.
The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth, provides that no person shall “be subject for the same offenses to be twice put in jeopardy of life or limb.” Art. 1, Sec. 15 of 1974 Louisiana Constitution contains a similar guarantee. Separate statutory crimes need not be identical — either in constituent elements or in actual proof — in order to be the same'within the constitutional prohibition.
Designed to embody the protection afforded by the common-law, the double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free to define crimes and fix punishments. Once the legislature has acted, a court may not impose more than one punishment for the same offense and the prosecution ordinarily may not attempt to secure that punishment in more than one trial.
Under these precepts, defendant has not been twice put in jeopardy of life or limb for the same offense. He has been punished once for aggravated battery, once as a felon with a firearm, and once for heroin possession. The habitual offender statute does not create new or separate offense based on the commission of more than one felony but merely provides for imposition of an increased sentence for persons convicted of second and subseqnent felonies. Although the aggravated battery conviction was used in the multiple offender adjudication to decide the defendant’s status, the punishment he received was for heroin possession only. Similarly, the legislature has imposed an increased penalty on the possessor of a weapon who has the status of a convicted felon. Although the aggravated battery was used to determine the defendant’s status as a felon, he was not punished again for aggravated battery but for possession of a firearm after being convicted of a felony. 412 So.2d at 1325-26. (Footnote and citations omitted)
' As in Hayes, defendant has not been punished again for aggravated battery. Defendant has been sentenced for committing an armed robbery and for being a convicted felon in possession of a firearm. We find that Theard was not twice put in jeopardy for the same offense.
For the foregoing reasons, defendant’s convictions are upheld.
AFFIRMED.