KLEES, Judge.
STATEMENT OF THE CASE:
On April 11, 1984, defendant, George Smith, and co-defendant, Ollie Barnes, were charged, by bill of information, with armed robbery, under R.S. 14:64. The defendant was tried and found guilty as charged, on July 31, 1984, by a 10-2 verdict. On October 12, 1984, defendant was charged under R.S. 15:529.1, the multi offender statute, and found to be a second offender. He received a sentence of fifty years at hard labor without benefit of probation, parole, or suspension of sentence.
FACTS:
On April 11, 1984, at about 2:00 p.m., three individuals entered Taffaro’s Sandwich Shop. One of the three, wearing a pair of welder’s goggles and a hospital shower cap, remained in the shop, pulled a gun on Mr. Anthony Taffaro and his wife and proceeded to rob the Taffaro’s of $350.00. After Mr. Taffaro gave the individual the $350.00, the robber then asked Mr. Taffaro for his wallet. Taffaro refused and the assailant fired a shot between Taffaro’s feet. The assailant then ran out the shop and got into an automobile occupied by the other two individuals.
Mrs. Cross, a neighbor, witnessed the individual with the welder’s goggles run out of the shop with a gun and money in his hand. She then saw the individual get in the vehicle with the other two men, at this time she copied down the license plate number.
The automobile was traced to Ollie Barnes, who subsequently made a statement to the police regarding his involve *1390 ment in the robbery and implicated George Smith as the individual that held up Mr. and Mrs. Taffaro at gunpoint. On April 12, 1984, George Smith voluntarily surrendered himself to the police, at which time he gave an unsigned written statement admitting to his involvement in the armed robbery.
A. ERRORS PATENT
No errors of patent were found. ASSIGNMENTS OF ERRORS Assignment # 1
Defendant contends that the court erred when it denied counsel an opportunity to traverse a juror on a challenge for cause. In the case at hand, a juror, Mr. Collins, was being questioned by the prosecution during voir dire. When it was determined that Collins was biased against the police, the prosecution challenged him for cause. Defense counsel contends that error was committed when the trial court would not allow him the opportunity to rehabilitate the juror, a violation of his right to full voir dire as guaranted by Art. 1 Sec. 17 of the La. Const, of 1974.
La.C.Cr.P. Art. 800, states the following:
“The erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law.”
Here defense counsel failed to show that the State had exhausted its peremptory challenges, which means that defendant has no cause for complaint. State v. Vinet, 352 So.2d 684 (La.1977); State v. Raymond, 258 La. 1, 245 So.2d 335 (1971). Thus, even though the defense is entitled to wide latitude in examining prospective jurors, this right is to be exercised within the discretion of the trial judge, who determines the scope of the examination under the prevailing facts and circumstances. State v. Hawkins, 376 So.2d 943 (La.1979).
Because the trial judge did not unreasonably restrict voir dire examination, counsel in this case was afforded a basis for challenges for cause, and was able to secure information for the intelligent exercise of his peremptory challenges, we conclude that this assignment is without merit. Assignment #2
Defendant alleges that the court erred when it denied counsel the right to confront and cross-examine a witness. Defendant argues that the trial court restricted defense counsel’s cross examination of the State’s witness, Carolyn Cross, when the court did not allow defense counsel to fully explore the witness’s inability to make a positive identification from police photographs (or the procedure of identification of police photographs.)
The record fails to demonstrate that the defense counsel objected to the sustaining of the State’s objection or to the comments or action of the court during the exchange. Under C.Cr.P. Art. 841, the defendant has therefore waived his right to complain on appeal as there was no contemporaneous objection. State v. Charles, 326 So.2d 335 (La.1976); State v. Moran, 451 So.2d 48 (La.App. 4th Cir.1984), writ denied, 456 So.2d 165 (La.1984); State v. Murray, 436 So.2d 775 (La.App. 4th Cir.1983).
This assignment lacks merit.

Assignment #3

Defendant claims that the court erred when it denied counsel’s motion for a mistrial, because the prosecution showed the jury the defendant’s unsigned written statement which he alleges contained prejudicial information. In denying the defense motion for mistrial, the judge pointed out that although the jurors had copies of the statement, they did not have time to read them. The defense has failed to specify what prejudicial material existed in either the edited or the unedited statement which would warrant a mistrial. A motion for a mistrial under C.Cr.P. art. 775 is a drastic remedy and should be granted only when there is unnecessary prejudice to the accused. No such prejudice has been demonstrated in the case before us, nor was there a manifest abuse of the trial court’s discre *1391 tion in its failure to grant the mistrial. This assignment of error lacks merit.

Assignment #4

Defendant claims the Court erred when it adjudged the defendant a multiple offender.
In State v. Nelson, 379 So.2d 1072 (La. 1980) the Louisiana Supreme Court stated:
Thus, with respect to a conviction based on a guilty plea in a Louisiana court subsequent to December 8, 1971, if the defendant objects to the predicate for the state’s evidence that the guilty plea was knowing and voluntary, the state has the burden of showing affirmatively a contemporaneous record that, at the time of the plea, the accused was informed of and made a knowing waiver of his privileges against self-incrimination, his right to a jury trial, and his right of confrontation. If the defendant does not object on this ground, the state, in order to establish the knowing and voluntary guilty plea, is required only to prove that the prior conviction resulted from the defendant’s guilty plea at which he- was represented by counsel.
379 So.2d at 1034.
In the instant case, the state presented as evidence of the defendant’s habitual offender status verification by a fingerprint expert as to the defendant’s identity relative to the predicate offense, as well as certified copies of the arrest register, minute entry, bill of information and plea of guilty form pertaining to the predicate offense. The minute entry and plea of guilty form indicate that defendant was requested by counsel at both the time of his plea and his sentencing. The defense counsel objected to the introduction of the documents on the grounds that he wished “to preserve the record” and that the multiple bill statute is unconstitutional. The question of the constitutionality of the multiple bill statutes LSA R.S. 15:529.1 has been considered by our courts on many occassions and it has been held constitutional, State v. Lee, 364 So.2d 1024 (La.1978). The defense did not challenge the “knowing and voluntary” standard of the underlying guilty plea, thus the defendant is barred from doing so on direct appeal. See State v. Lefevre, 419 So.2d 862 (La.1982). The defendant’s proper remedy to attack the knowing and voluntariness of the predicate guilty plea where no objection was made at the subsequent multiple bill hearing is to seek post-conviction relief under C.Cr.P. art. 930.3. State v. Martin, 427 So.2d 1182 (La.1983); State v. Talbert, 416 So.2d 68 (La.1982). Accordingly, this assignment of error has no merit.
Accordingly, for the foregoing reasons the conviction and sentence of defendant are affirmed.
AFFIRMED.