No. 85–1321.   RAMIREZ *v.* CALIFORNIA.   Sup. Ct. Cal.   Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE POWELL join, dissenting.

Petitioner Rudy Ramirez is currently serving a prison term imposed by the State of California for a crime committed before January 1, 1983.   As of that date, a new plan for awarding sentence reduction credits and their forfeiture became effective.   See Cal. Penal Code Ann. §§ 2931, 2932 (West Supp. 1986).   Ramirez was charged in January 1983 with altering the paperwork relating to a television set.   This resulted in a loss under the new plan of 95 days of behavior credits, which was later reduced to 48 days. Under the old plan, Ramirez would have forfeited at most 15 days.

Ramirez then filed a habeas corpus petition in the California state courts, challenging the application to him of the new system on the ground that such application violated the *Ex Post Facto* Clause of the United States Constitution.   Art. I, § 10.   A divided California Supreme Court upheld the new system, as applied to Ramirez, applying the two-part test set forth in *Weaver* v. *Graham*, 450 U. S. 24, 29 (1981), and concluding that the new provisions were not unconstitutionally retrospective because the increased sanctions were imposed only for misconduct occurring after the changes became effective.   *In re Ramirez*, 39 Cal. 3d 931, 705 P. 2d 897 (1985).

The decision of the California Supreme Court conflicts with the decision of the United States Court of Appeals for the Fifth Circuit in *Beebe* v. *Phelps*, 650 F. 2d 774 (1981).   In *Beebe*, the Fifth Circuit held that the application of new provisions for revoking previously earned credits for parole violations to a prisoner who had been incarcerated before the new provisions became effective violated the *Ex Post Facto* Clause even where the parole violations occurred after the effective date of the new provisions.   The decision of the California Supreme Court also is in tension with our decision in *Weaver, supra,* in which we held that the application to a prisoner of a new system for earning good-time credits, which system reduced the credits that could be earned, violated the *Ex Post Facto* Clause.   See also *Greenfield* v. *Scafati*, 277 F. Supp. 644 (Mass. 1967), summarily aff'd, 390 U. S. 713 (1968). In *Weaver*, we analyzed the question of retrospectivity according to whether the new rule "substantially alters the consequences

attached to a crime already completed," 450 U. S., at 33, and the California Supreme Court's distinction here between the ability to earn good-time credits, at issue in *Weaver*, and the forfeiture of such credits, at issue here, does not seem immediately relevant to this analysis. To resolve the conflict with *Beebe* and the tension with *Greenfield* and *Weaver*, I would grant certiorari and set the case for argument.