499 So.2d 1311 (1986)
STATE of Louisiana
v.
Willie DAVIS.
Nos. KA-4664, KA-5501.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1312 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., Chris Toensing, Law Clerk, New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before WARD and ARMSTRONG, JJ., and PRESTON H. HUFFT, J., Pro. Tem.
ARMSTRONG, Judge.
The defendant, Willie Davis, was charged with a violation of LSA-R.S. 14:34, relative to the offense of aggravated battery. After trial, a six person jury found him guilty of second degree battery, a violation of LSA-R.S. 14:34.1. He subsequently admitted the allegations contained in the multiple bill which the state had filed charging him with being a triple offender. Both predicate offenses of this multiple bill were separate violations of LSA-R.S. 14:95.1, being a convicted felon in possession of a firearm. One predicate conviction occurred on November 5, 1975, the other on January 6, 1983. The defendant was sentenced as a multiple offender to serve five years at hard labor. In his only assignment of error, defendant contends that the trial court erred in finding him a triple offender based on the two previous convictions.
The record reflects that Deborah Davis, the ex-wife of the defendant, had been living with the defendant's sister for approximately six months prior to the charged offense. The defendant had also recently moved into his sister's apartment. In the early morning hours of December 16, 1984, Deborah arrived home and found the defendant waiting for her. An argument erupted between them. The defendant suddenly began punching her and threatening to kill her. After the struggle was over, Deborah found herself in a great deal of pain and realized that her leg had been slashed during the assault. She then noticed that the defendant was standing over her with a knife in his hand. The defendant himself called the police and reported the incident. He later admitted to the investigating officers that he had "just cut up my old lady."
A review of the record reflects that there are no errors patent.
In his sole assignment of error, the defendant alleges that the trial judge erred in finding him to be a multiple offender based on two previous convictions for violations *1313 of LSA-R.S. 14:95.1. LSA-R.S. 14:95.1 prohibits previously convicted felons from possessing a firearm.
Before looking to the merits of defendant's arguments, we note that he did not raise this issue nor object to the imposition of sentence during the multiple bill proceeding. In fact, he freely admitted to the allegations contained in the multiple bill, thus relieving the state of the necessity of proving the validity of the earlier convictions. Ordinarily, a defendant is procedurally barred from raising on appeal a challenge to the validity of the multiple bill where he has admitted to the allegations, pled guilty or failed to object to the sufficiency of the state's proof of the previous convictions. Such a challenge may be raised by application for post-conviction relief. State v. Talbert, 416 So.2d 68 (La. 1982); State v. Smith, 481 So.2d 1388 (La. App. 4th Cir.1986).
In the instant case, however, defendant does not contest the validity of his previous convictions, nor does he refute his admission of the allegations of the multiple bill itself. Rather, he challenges the use of any prior conviction under LSA-R.S. 14:95.1 as a proper predicate for the application of the Louisiana Habitual Offender Law. Defendant argues that the resulting sentence would be illegal because it would constitute an impermissible "double enhancement" of sentence. An error which results in an illegal sentence is reviewable on appeal as an error patent on the face of the record despite defendant's failure to object at sentencing. LSA-C.Cr.P. Art. 920(2); State v. Jones, 447 So.2d 1050 (La. 1984); State v. Baker, 452 So.2d 737 (La. App. 1st Cir.1984). It should be noted that the state does not argue that the defendant is procedurally barred from raising this issue on appeal.
Defendant concedes that this court has held that a violation of LSA-R.S. 14:95.1 may be used as a predicate offense in a multiple bill. State v. Jackson, 438 So.2d 730 (La.App. 4th Cir.1983); writ denied, 442 So.2d 460 (La.1983). In Jackson this court allowed the state to charge the defendant as a second offender pursuant to LSA-R.S. 15:529.1 using a violation of LSA-R.S. 14:95.1 as the predicate felony conviction. Defendant argues, however, that Jackson was wrongly decided, relying on several Louisiana Supreme Court decisions: State v. Sanders, 337 So.2d 1131 (La.1976); State v. Williams, 358 So.2d 943 (La.1978); State v. Cox, 344 So.2d 1024 (La.1977); State v. Taylor, 347 So.2d 172 (La.1977) and State v. Siegel, 354 So.2d 525 (La.1978). We disagree.
In both Sanders, supra and Williams, supra, the defendants had been convicted of violations of LSA-R.S. 14:95.1. The state then attempted to further enhance the sentence by multiple billing the defendants pursuant to LSA-R.S. 15:529.1. The court held that a conviction for a violation of LSA-R.S. 14:95.1 may not be further enhanced by the immediate in tandem application of the Habitual Offender Law. However, these cases do not preclude the use of a previous conviction under LSA-R.S. 14:95.1 to enhance the sentence of any subsequent felony conviction. State v. Jackson, supra. In the instant case, the defendant's felony convictions under LSA-R.S. 14:95.1 occurred prior to the offense for which the State sought the application of the habitual offender statute.
We find the remaining cases cited by the defendant to be distinguishable from those discussed above. In Cox, Taylor and Siegel, the Court examined the validity of the State's use of a conviction for simple escape, a violation of LSA-R.S. 14:110(A), as a basis for charging the defendant as a habitual offender. The court held this procedure impermissible since the escape statute enhances a prior conviction by requiring that an additional sentence be served consecutively with that of the original conviction. State v. Taylor, supra at 184. To apply the habitual offender statute under these circumstances would result in double enhancement.
By contrast, LSA-R.S. 14:95.1 does not impose a greater penalty for a crime which has already been committed. *1314 Rather, LSA-R.S. 14:95.1 prohibits specified future conduct, the carrying of a concealed weapon by a convicted felon, and sets forth penalties to be expected if such conduct occurs. State v. Williams, supra at 946. Although triggered by the defendant's status as a convicted felon, LSA-R.S. 14:95.1 creates an entirely new felony offense mandating a unique penalty structure. We thus find the holdings in Cox, Taylor and Siegel to be limited to those cases involving the use of a conviction relative to LSA-R.S. 14:110(A) as a basis for a multiple bill. We decline to extend their rationale to those cases where a multiple bill is based upon a prior felony conviction under LSA-R.S. 14:95.1.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.