GARRISON, Judge.
Appellants in the case at hand, Eugene Johnson and Thomas Wilson, were charged and found guilty by a jury of armed robbery. A multiple offender bill of information was filled against Eugene Johnson, alleging that he had previously been convicted of the felony charge of receiving stolen property. Mr. Johnson was found to be a second offender and sentenced to one hundred, ninety-eight years at hard labor. Mr. Wilson was sentenced to serve twenty-five years at hard labor, without benefit of probation, parole, or suspension of sentence.
The sole assignment of error presented by appellant Eugene Johnson asserts that the trial court erred in adjudicating Eugene Johnson a second offender under La.R.S. 15:529.1.
Appellant claims that, when he pled guilty to the predicate offense used to charge him as a multiple offender in this case, Criminal District Court case 277-522, he was not advised of his right to trial by jury-
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that the defendant be advised of his right to confront his accusers, his privilege against self incrimination, and his right to trial by jury. The minute entry of Criminal District Court case 277-522 “J” allows that the State sought to meet its burden by introducing the bill of information, the minutes, the plea form, and a transcript of the colloquy in 277-522 “J” in which appellant pled gulty to receiving stolen property. All of these documents are contained within the record with the exception of the Boy-kin colloquy. The exhibits before this court do not affirmatively show that the defendant was informed of his right to trial by jury- However, the multiple offender transcript shows that no objection was made at the proceedings to the admission of any of the exhibits. There was no objection to the trial court’s finding that defendant was a second offender.
A defendant is procedurally barred from raising on'appeal a challenge to the validity of the multiple bill where he has failed to object to the sufficiency of the State’s proof of the previous conviction. State v. Davis, 499 So.2d 1311 (La.App. 4th Cir.1986); State v. Smith, 481 So.2d 1388 (La.App. 4th Cir.1986).
The defendant’s proper procedural remedy to attack the voluntariness of the predicate guilty plea, where no objection is made at the multiple bill hearing, is to seek post-conviction relief under C.Cr.P: art 930.3 which enumerates the grounds upon which post-conviction relief will be granted. State v. Martin, 427 So.2d 1182 (La.1983); State v. Talbert, 416 So.2d 68 (La.1982); State v. Smith, supra.
In the interest of judicial economy, this Court has reviewed the sufficiency of the predicate guilty plea by evaluating the copy of the colloquy attached to the State’s brief.
This transcript shows that the appellant was clearly informed of all his constitutional rights, including his right to trial by jury. Thus, the appellant’s allegation is without merit and his conviction and sentence is affirmed.
*1276 A review of the case for errors patent reveals one error as to Mr. Wilson. The bill of information was amended on April 29, 1985 to include him as a defendant in Count 2. There is no minute entry for an arraignment of Wilson. However, a failure to arraign the defendant is waived if the defendant proceeds to trial without objecting. C.Cr.P. art. 555; State v. Dixon, 471 So.2d 282 (La.App. 4th Cir.1985). There is no objection by Mr. Wilson in either the trial record or on appeal.
AFFIRMED.