[No. C001717. Third Dist. Oct. 27, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLEN WALDO HOZE, Defendant and Appellant.

**COUNSEL**

Terry E. Bunfill, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Roger E. Venturi and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HARVEY, J.*—Defendant was convicted by jury of first degree burglary (Pen. Code, §§ 459, 460).[1] After the conviction, defendant admitted two prior robbery convictions charged as enhancements under sections 667 and 1192.7 subdivision (c). At the time of the conviction, defendant was on probation for receiving stolen property (§ 496) and for causing injury when driving while intoxicated (Veh. Code, § 23153). Probation was revoked, and defendant was sentenced to the lower term of two years for the burglary, two consecutive terms of five years each for the two prior offenses alleged, and two concurrent two-year terms for the receiving stolen property and driving while intoxicated offenses. He has appealed, alleging that the trial court erred when it denied his motion to prohibit the use of his prior felony convictions for impeachment purposes and when it concluded that it had no discretion to strike the enhancements charged under sections 667 and 1192.7, subdivision (c).

Since the defendant does not contend that the evidence is insufficient, there is no need for a detailed statement of fact. Suffice it to say that the prosecution evidence showed that the defendant walked into the victim's apartment and walked away with a video cassette recorder [VCR]. The evidence consisted of testimony that the defendant was seen going in the direction of the apartment, was seen coming from the direction of the apartment with the VCR, and later admitted taking the VCR. Defendant did not testify. He presented evidence that another person admitted taking the VCR, and that still another person who was present when the alleged admission was made denied that the defendant admitted taking the VCR. The VCR was never found.

 Prior to trial, the defendant made a motion to prohibit the prosecution from using three prior felony convictions to impeach the defendant should he choose to testify. One conviction was on January 20, 1975, for robbery, another was on January 13, 1977, for robbery, and the third was on November 8, 1984, for receiving stolen property. The court denied the motion stating, "[t]he Court has considered the arguments of both lawyers. The Court has concluded that all three of those priors involve crimes of moral turpitude [sic] within the meaning of People versus Castro.[2] [¶] The court has exercised its discretion and granted two—it's under Section 352 and has determined the People will be permitted to impeach the Defendant with all three of those prior convictions."

The defendant claims that the trial court was required to state on the record its reasoning process under Evidence Code section 352, the trial

---

* Assigned by the Chairperson of the Judicial Council.
[1] All statutory references are to the Penal Code unless otherwise indicated.
[2] People v. Castro (1985) 38 Cal.3d 301 [211 Cal.Rptr. 719, 696 P.2d 111].

court failed to do so, and this court should remand the matter to the trial court so that court can exercise a limited review to determine prejudice, allowing the defendant to make an offer of proof as to what his testimony would have been. (See *People* v. *Collins* (1986) 42 Cal.3d 378, 393 [228 Cal.Rptr. 899, 722 P.2d 173].)

*Collins* dealt with those cases that were tried before the Supreme Court decision in *People* v. *Castro, supra,* 38 Cal.3d 301. In *Castro,* the Supreme Court held that although article I, section 28, subdivision (f) of the California Constitution authorizes the use of felony convictions of crimes involving moral turpitude to impeach a defendant who testifies, the trial court retains authority under Evidence Code section 352 to exclude such convictions when their probative value is outweighed by the risk of undue prejudice. In *Collins,* the Supreme Court said, "In all cases in which the court denied the motion [to exclude convictions for impeachment] before the date of *Castro* we may fairly presume that it deemed itself bound by the 'impeachment without limitation' language of section 28(f). That presumption will be dispelled only if the trial court made a clear statement on the record that it was denying the motion in the exercise of its discretion." (42 Cal.3d at 389, fn. 9.) In *Collins,* the Supreme Court went on to prescribe the procedure to be followed by a reviewing court when the trial court in a pre-*Castro* case denied a motion to exclude prior convictions for impeachment and as a result, the defendant failed to testify. That procedure is to remand to the trial court, so that the trial court can receive an offer of proof of the defendant's expected testimony, and can then weigh the prejudicial effect of the previous convictions against their probative value.

Although the Supreme Court in *People* v. *Collins* stated that the procedure specified should be followed in cases tried before the decision in *People* v. *Castro,* in *People* v. *Flanagan* (1986) 185 Cal.App.3d 764 [230 Cal.Rptr. 64], the Fifth District Court of Appeal held that the same procedure should be used in a case tried after *People* v. *Castro* where the trial court denied a motion to exclude prior convictions, the defendant did not testify, and the record fails to show that the trial court engaged in the requisite weighing of probative value against prejudicial effect. Defendant urges this court to follow *People* v. *Flanagan* and to remand this case also.

In *People* v. *Green* (1980) 27 Cal.3d 1, 25 [164 Cal.Rptr. 1, 609 P.2d 468], the Supreme Court held that where a motion is made to exclude evidence under Evidence Code section 352, it is error for the trial court to simply state that it is denying the motion. The court said that where a motion is made to exclude evidence under Evidence Code section 352, "[T]he record must affirmatively show that the trial judge did in fact weigh prejudice against probative value . . . ." (27 Cal.3d at p. 25.) In *People* v. *Frank*

(1985) 38 Cal.3d 711, 732-732 [214 Cal.Rptr. 801, 700 P.2d 415], the Supreme Court again held that it was error for a trial court to admit evidence over an Evidence Code section 352 objection without articulating on the record its reasons for doing so. Neither *Green* nor *Frank* involved the use of prior convictions for impeachment purposes. In *Green,* the evidence consisted of a victim's declaration concerning threats made by the defendant. The declarations were being offered to show the victim's state of mind. In *Frank,* the evidence consisted of uncharged crimes committed by the defendant, which evidence was being offered on the issue of identity. In both cases, the Supreme Court held that, although the trial court committed error by failing to articulate its reasons for admitting the evidence, the error was harmless and did not result in a miscarriage of justice.[3]

In *People* v. *Frank,* in holding that the error was harmless, the Supreme Court pointed out that the "other-crimes" evidence involved, consisting of evidence of other sex crimes, was obviously inflammatory in nature and the parties all recognized that fact. The argument on admissibility in the trial court concerned its probative weight in showing identity. Concluding that the failure of the court to express its reasoning was harmless error, the Supreme Court said, "[T]he other-crimes evidence in this case presented a paradigmatic example of the type of evidence the probative weight of which may justify admission despite its prejudicial effect. In the face of such a clear showing that the evidence was properly received, the court's omission to recite for the record its implied finding that probativeness outweighed prejudice did not result in a miscarriage of justice." (38 Cal.3d at p. 732.)

 "Prejudice" in the context of Evidence Code section 352 refers to the possibility of misuse of the evidence—use of the evidence by the trier of fact for a purpose for which the evidence is not properly admissible. The danger of misuse of impeachment evidence which *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1] addressed is that the evidence of the other convictions is "likely to inflame passions or present a close analogy to the current charges." (6 Cal.3d at p. 454.) The concern is that if passions are aroused, the jury may convict simply because the defendant is a bad man, not because he is proven guilty. Where the prior conviction is for the same or substantially similar conduct as that for which the defendant is on trial, the danger is that the jury may conclude that the defendant has a propensity for committing that type of offense, and therefore, he must have committed the one with which he is charged. Use of the evidence for that purpose is prohibited by Evidence Code section 1101.

---

[3] In *Green,* the error was held harmless because other, admissible evidence of the defendant's threats was received, rendering any possible misuse of the hearsay evidence of such threats by the jury harmless. (27 Cal.3d at pp. 26-27.)

In *Beagle,* where neither of those factors was present, and where the prior conviction itself was one involving honesty, the Supreme Court concluded "that reasonable exercise of judicial discretion by the trial court could not have justified the exclusion of such evidence." (6 Cal.3d at p. 454.)

In *Frank,* the Supreme Court held that where there was a clear and strong showing of legitimate probative value, it was harmless error for the trial court to omit a statement of its reasons for denying a motion made under Evidence Code section 352, even where the danger of prejudice was great. ■ A fortiori, where the danger of prejudice is slight and the legitimate probative value is great, it is harmless error for a trial court to fail to state its reasoning process on the record.

■ We conclude, therefore, that where the reasonable exercise of discretion by the trial court could not have justified the exclusion of the evidence for impeachment purposes (as held in *Beagle*), it is harmless error for the trial court to fail to state on the record its reasons for denying a motion to exclude impeaching convictions under Evidence Code section 352. That is the teaching of *Green* and *Frank*. If there is any contrary implication in *People* v. *Flanagan, supra,* 185 Cal.App.3d 764, we decline to follow it.

■ Here, the offenses offered for impeachment all involved honesty. Two were robbery convictions, which involved theft, and one was for receiving stolen property. Although the robbery convictions were eight and ten years old, they had not " 'been followed by a legally blameless life' " (see *People* v. *Beagle, supra,* 6 Cal.3d at 453). Hence, they were still probative of the defendant's character for honesty. None of the convictions was for the same offense for which the defendant was on trial. None was inflammatory.

Since the danger that the jury would misuse the evidence was slight, the probative value of the evidence on the question of the defendant's honesty was great, and the court stated that it was exercising its discretion under Evidence Code section 352, no purpose would be served by remanding the case to the trial court to recite its reasoning process on the record. As in *Beagle,* the "reasonable exercise of judicial discretion by the trial court could not have justified the exclusion of such evidence." (6 Cal.3d at p. 454.)

■ The defendant moved to strike the section 667 enhancements. The trial court denied the motion in the belief that recent amendments to Penal Code section 1385 deprived it of discretion to do so.

■ Penal Code section 1385 authorizes a court, in furtherance of justice, to order an action to be dismissed. Under the authority of that section,

trial courts have had the power to strike or stay penalty enhancements under section 667 for earlier serious felony convictions. (*People* v. *Fritz* (1985) 40 Cal.3d 227 [219 Cal.Rptr. 460, 707 P.2d 833]; *People* v. *Whigam* (1984) 158 Cal.App.3d 1161, 1169 [205 Cal.Rptr. 227].) On May 6, 1986, section 1385 was amended by an urgency measure to include the proviso, "This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Stats. 1986, ch. 85, § 2.)

■■■ The offense here was committed in December 1985. The ex post facto clauses of the federal and state constitutions (U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9) prohibit laws that increase the punishment prescribed for a crime after the crime was committed. Hence, since the trial court would have had the discretion to strike enhancements under section 667 at the time the crime was committed, the Legislature could not deprive the court of that discretion by a law enacted after the fact. (See *Miller* v. *Florida* (1987) 482 U.S. 423 [96 L.Ed.2d 351, 107 S.Ct. 2446].) The Attorney General properly concedes the amended version of section 1385 was erroneously applied in this case. Therefore, the case must be remanded to allow the trial court to exercise its discretion under section 1385 as it existed prior to the enactment of the urgency measure that took effect on May 6, 1986.

The judgment of conviction is affirmed. The case is remanded for resentencing in accordance with this opinion.

Carr, Acting P. J., and Sims, J., concurred.

A petition for a rehearing was denied November 20, 1987, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 28, 1988.