[Crim. No. B020662. Second Dist., Div. Six. June 15, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
ENRIQUE CARRASCO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions to be published follow.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Donald E. de Nicola, Gary R. Hahn, Robert F. Katz

and William R. Weisman, Deputy Attorneys General, for Plaintiff and Appellant.

Richard D. Rome, under appointment by the Court of Appeal, for Defendant and Appellant.

---

**OPINION**

**GILBERT, J.**—The California Supreme Court transferred this case to us for reconsideration in light of *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150]. We affirm.

. . . . . . . . . . . . . . . . . . .*

The People appeal the order of the trial court striking Carrasco's 1976 conviction for burglary. (Pen. Code, § 1385.)[1] We modify the judgment and hold that the trial court had no discretion to strike the prior conviction under section 1385.

. . . . . . . . . . . . . . . . . .*

A jury convicted Carrasco of burglary and resisting arrest. The prosecutor then offered evidence, by copies of informations, minute orders, plea transcripts, and abstracts of judgment that Carrasco suffered three prior convictions for residential burglary. The prosecutor requested that the court enhance Carrasco's sentence by five years for each prior burglary conviction pursuant to section 667, subdivision (a). The prosecutor also offered evidence that Carrasco had served, within the past five years, two separate prison terms. He requested that the court impose a one-year enhancement for each prior prison term under section 667.5, subdivision (b).

The trial judge sentenced Carrasco to the upper term of six years for the burglary. He struck the earliest burglary conviction under *People* v. *Fritz*

---

*See footnote, *ante,* page 1078.
[1] All statutory references are to the California Penal Code.

(1985) 40 Cal.3d 227, 231 [219 Cal.Rptr. 460, 707 P.2d 833], but imposed consecutive five-year terms for the remaining two burglary convictions. Carrasco received two 1-year enhancements for the prior prison terms, but the trial judge stayed their execution. In sum, Carrasco received a prison sentence of 16 years.

. . . . . . . . . . . . . . . . . . . . . . . .*

By their appeal, the People argue that the trial judge improperly struck the earliest burglary conviction because the Legislature amended section 1385, before Carrasco's sentencing, to nullify *People* v. *Fritz, supra,* 40 Cal.3d 227.

. . . . . . . . . . . . . . . . . . . . .*

*People's Appeal.*

██ The People appeal the trial court's order striking the 1976 burglary conviction under section 1385 and *People* v. *Fritz, supra,* 40 Cal.3d 227, 231. (§ 1238, subd. (a)(6); *People* v. *Lopez* (1985) 163 Cal.App.3d 946, 948-949 [210 Cal.Rptr. 56].) Three days before Carrasco's sentencing hearing, an amendment to section 1385 became effective, annulling the decision of *People* v. *Fritz, supra.* (§ 3 of Assem. Bill No. 2049, expressing legislative intent.) This amendment added this subdivision (b) to section 1385: "This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667."

The People argue that the amendment governs sentencing here and is not an ex post facto law because at the time of the offense on August 16, 1985, Carrasco had no right to have the prior struck. Appellate decisions conflicted then whether the trial court was empowered to strike prior serious felonies (§§ 667, 1192.7) under section 1385. (*People* v. *Fritz, supra,* 40 Cal.3d 227, 229.) Prior to Carrasco's trial, our Supreme Court decided *Fritz* which declared the trial court's settled discretion to strike prior convictions pursuant to section 1385. The People are correct.

██ The purpose of the constitutional provisions prohibiting ex post facto laws is to assure that the Legislature gives fair warning of the effects of the law and to permit individuals to rely upon the law until changed. (U.S.

---

* See footnote, *ante,* page 1078.

Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9; *Weaver* v. *Graham* (1981) 450 U.S. 24, 28-29 [67 L.Ed.2d 17, 101 S.Ct. 960].) An ex post facto law alters the situation of a defendant to his disadvantage by (1) making criminal an act innocent when committed; (2) making more serious an act already criminal when done; (3) inflicting greater punishment to the act then applied when the act was committed; and (4) permitting the accused to be convicted with less evidence than required when the act was committed. (*People* v. *Sobiek* (1973) 30 Cal.App.3d 458, 472 [106 Cal.Rptr. 519, 82 A.L.R.3d 804].)

■ This amendment produces none of these effects because at the time of the offense here, appellate decisions conflicted concerning the power of the trial court to strike priors. Carrasco had fair warning by the mandatory language of section 667 and the conflicting appellate decisions that the trial court was not empowered to strike prior serious felony convictions. (See *People* v. *Poggi* (1988) 45 Cal.3d 306, 326-327 [246 Cal.Rptr. 886, 753 P.2d 1082].) *People* v. *Hoze* (1987) 195 Cal.App.3d 949 [241 Cal.Rptr. 14] and *People* v. *Williams* (1987) 196 Cal.App.3d 1157 [242 Cal.Rptr. 421] are inapposite. In those cases the defendants committed their crimes after *Fritz* was decided, but before the amendment to section 1385 went into effect.

■ Carrasco replies that three 5-year enhancements added to an upper term of six years for burglary is cruel or unusual punishment. *People* v. *Weaver* (1984) 161 Cal.App.3d 119, 126 [207 Cal.Rptr. 419] decided, however, that 15-years additional imprisonment for a recidivist burglar was not cruel or unusual punishment considering the nature of the offense and the recidivist offender. Residential burglary presents the danger that the intruder will harm the occupants during the burglary or the danger that the occupants will react violently. (*Id.* at p. 127.) It is a serious crime positing a high degree of danger to society. (*Ibid.*) Moreover, the sentence is not so disproportionate to the offense that it shocks the conscience and offends fundamental notions of human dignity. (*People* v. *Dillon* (1983) 34 Cal.3d 441, 478 [194 Cal.Rptr. 390, 668 P.2d 697]; *People* v. *Villasenor* (1984) 152 Cal.App.3d 30, 34 [199 Cal.Rptr. 349].)

Accordingly the judgment is modified to add an additional five-years imprisonment to Carrasco's sentence but is otherwise affirmed. The

Department of Corrections is instructed to amend the abstract of judgment accordingly.

Stone, P. J., and Abbe, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 1, 1988.