[No. D009943. Fourth Dist., Div. One. Sept. 12, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
COLBY WATSON FLAHERTY, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of section II.

**COUNSEL**

William K. Mueller, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Louis R. Hanoian and Joanne E. Evoy, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BENKE, J.**—Appellant Colby Watson Flaherty was charged with 52 counts of various sex offenses stemming from repeated sexual abuse of Kristi C. between September 1986 and July 1988. He pled guilty to one count of child molestation (Pen. Code, § 288, subd. (a)), and six counts of inducing a minor to pose for photographs involving sexual conduct (Pen. Code, § 311.4, subd. (c)). It is significant for our purposes that four of the offenses to which appellant pled guilty occurred in 1986 and three occurred in 1987. Appellant was sentenced to the aggravated term of eight years' imprisonment on the molestation charge and to consecutive eight-month terms on the remaining six counts for a total term of twelve years. In addition, he was ordered to pay a restitution fine of $500 pursuant to Government Code section 13967. Later, pursuant to Government Code section 13967, subdivision (c), a restitution hearing was held, and appellant was ordered to pay $10,000 directly to the victim. This amount covered $4,465 in medical care received and the balance covered anticipated medical care.

Appellant's contentions are confined to the matter of restitution. He argues requiring direct restitution to the victim in this case violates the constitutional prohibition against ex post facto laws. He also urges there was insufficient evidence to support a restitution order of $10,000. In the published portion of this opinion we reject appellant's ex post facto claim, but in the unpublished portion we remand for a new restitution hearing.

### DISCUSSION

### I

*Ex Post Facto Application of Government Code Section 13967*

Appellant notes four of the seven counts to which he pled guilty, and on which, in part, the order of direct restitution was based, charged offenses occurring in 1986. In 1986 Government Code section 13967, subdivision (a), required the payment of restitution of between $100 and $10,000 to the

state restitution fund. No provision was made for the payment of direct restitution to a victim. (Stats. 1983, ch. 1092, § 135.2, p. 3998.)[2]

In 1986 the Legislature added subdivision (c) to Government Code section 13967. That subdivision required that, beginning in 1987 in appropriate circumstances, direct payment of restitution must be paid to the victim for economic loss up to $10,000.[3] Such restitution is in lieu of imposing all or a portion of the restitution fine required by subdivision (a). (Stats. 1986, ch. 1438, § 1, pp. 5140-5141.)[4]

██ Appellant argues the order of direct restitution to his victim is a violation of the prohibition against ex post facto laws contained in the federal and state Constitutions. (U.S. Const., art. I, §§ 9, 10; Cal. Const., art. I, § 9.)

██ Initially we note "two critical elements must be present for a criminal or penal law to be *ex post facto*; it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." (*Weaver* v. *Graham* (1981) 450 U.S. 24, 29 [67 L.Ed.2d 17, 23, 101 S.Ct. 960], fns. omitted.) A law offends the ex post facto

---

[2] Government Code section 13967, subdivision (a), provided: "Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment in accordance with Section 1464 of the Penal Code. In addition, if the person is convicted of one or more felony offenses, the court shall impose a separate and additional restitution fine of not less than one hundred dollars ($100) and not more than ten thousand dollars ($10,000). In setting the amount of the fine for felony convictions, the court shall consider any relevant factors including, but not limited to, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, and the extent to which others suffered losses as a result of the crime. Such losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Except as provided in Section 1202.4 of the Penal Code, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section."

[3] Government Code section 13967, subdivision (c), as written in 1986 provided: "In cases in which a victim has suffered economic loss as a result of the defendant's criminal conduct, and the defendant is denied probation, in lieu of imposing all or a portion of the restitution fine, the court shall order restitution to be paid to the victim. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, but not to exceed ten thousand dollars ($10,000). A restitution order imposed pursuant to this subdivision shall identify the losses to which it pertains, and shall be enforceable as a civil judgment. The making of a restitution order pursuant to this subdivision shall not affect the right of a victim to recovery from the Restitution Fund in the manner provided elsewhere, except to the extent that restitution is actually collected pursuant to the order. Restitution collected pursuant to this subdivision shall be credited to any other judgments for the same losses obtained by the victim against the defendant arising out of the crime for which the defendant was convicted."

[4] In 1989 Government Code section 13967, subdivision (c), was amended to require the amount of direct restitution be in the amount of the economic loss "as determined." (Stats. 1989, ch. 712, § 1.)

prohibition if it, for example, makes criminal an act innocent when done, or makes more serious an act already criminal when done, or inflicts greater punishment for the act than applied when the act was committed. (*Collins v. Youngblood* (1990) 497 U.S. __ [111 L.Ed.2d 30, 110 S.Ct. 2715].) ■ "The purpose of the constitutional provisions prohibiting ex post facto laws is to assure that the Legislature gives fair warning of the effects of the law and to permit individuals to rely upon the law until changed." (*People v. Carrasco* (1988) 202 Cal.App.3d 1078, 1081 [249 Cal.Rptr. 154].)

Were we faced with an order of direct restitution for economic loss attributable solely to criminal acts occurring in 1986, it would be necessary, in light of appellant's argument, to face the ex post facto question. While both Government Code section 13967, subdivision (a), applicable in 1986 and subdivision (c), applicable in 1987 require the imposition of restitution, in one form or another, of up to $10,000, significant differences exist between them. Subdivision (a) sets a range from $100 to $10,000, provides the trial court with factors it may consider in setting the amount between those limits and leaves to the trial court's discretion the amount to be ordered. In addition, subdivision (a) allowed the trial court to waive restitution for "compelling and extraordinary reasons." (Pen. Code, § 1202.4, as referred to in Gov. Code, § 13967, subd. (a).)

On the other hand, subdivision (c) of Government Code section 13967, effective in 1987, requires the trial court to order restitution paid directly to the victim in the amount of that economic loss up to $10,000 when a victim has suffered economic loss as a result of the defendant's criminal conduct. Thus, subdivision (c) more strictly confines the trial court in the amount of restitution that must be ordered and makes no provision for the trial court to waive the imposition of direct restitution.

■ Changes in the law, however, which are merely "procedural" do not come within the ex post facto prohibition and can be applied retroactively. The determination whether a given law makes a procedural or substantive change can be difficult. (*In re Jackson* (1985) 39 Cal.3d 464, 471-472 [216 Cal.Rptr. 760, 703 P.2d 100].) In this case the 1987 addition of subdivision (c) to Government Code section 13967 did not change the maximum amount of restitution that could be ordered, nor did it make more onerous the means for enforcing the order of restitution. Still, when subdivision (c) applies, the trial court has less discretion in determining the amount of restitution and no power to waive restitution.

■ It is unnecessary we address such ex post facto questions here, however, since we determine under the facts of this case there is no

retrospective application of subdivision (c). In this case the economic loss suffered by the victim was described as medical expenses and future medical expenses. (Given the nature of the crimes in this case and since there was no evidence of physical injury, we conclude these medical expenses were for psychiatric counseling.)

Unlike the discrete economic losses discernable in, for example, a robbery spree, the economic loss involved in psychiatric treatment following a series of sex crimes to a single victim occurring over a long period of time cannot, without evidence to the contrary, be apportioned among counts and cannot be attributed to any specific time during which the crimes occurred. Thus, the fact that some of the offenses giving rise to the harm occurred before the enactment of Government Code section 13967, subdivision (c), is irrelevant. The harm being compenstated is the cumulative result of a continuing series of acts stretching over both 1986 and 1987. While appellant was obviously not on notice he would be liable for direct restitution when he committed crimes against the victim in 1986, he was on notice of the possibility of such restitution when he continued to victimize her after January 1, 1987. Since the order of restitution was directed at the condition of the victim as it existed in 1987, it did not involve the retrospective application of subdivision (c), and the order was proper.

## II

### Restitution Hearing*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The order of restitution is reversed, case is remanded for a new restitution hearing; in all other respects the judgment is affirmed.

Kremer, P. J., and Froehlich, J., concurred.

---

*See footnote 1, *ante*, page 1139.