Filed 5/15/14  P. v. Avendano CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B249153 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA085626) |
| v. | |
| GASPAR AVENDANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven R. Van Sicklen, Judge.  Reversed and remanded.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II, Deputy Attorney General, for Plaintiff and Respondent.

Gaspar Avendano (appellant) appeals the judgment after waiving his right to a jury trial, and the trial court found him guilty of receiving stolen property. (Pen. Code, § 496, subd. (a).)[1] At sentencing, he waived his right to a jury trial on the allegations of prior convictions and admitted he had one prior conviction within the meaning of section 667.5, subdivision (b).

At sentencing, the trial court committed him to state prison for an aggregate term of three years, consisting of a middle term of two years for receiving stolen property and one year for the section 667.5, subdivision (b) service of a prior prison term enhancement.

## CONTENTION

Appellant contends the trial court abused its discretion when it failed to consider whether his conviction of receiving stolen property should be punishable as a felony or a misdemeanor pursuant to section 17, subdivision (b)(3).

After reviewing the record, the court asked the parties to address one issue of unraised error. Appellant arguably failed to make a full admission of the section 667.5, subdivision (b) one-year enhancement for the service of a prior separate prison term.

We will reverse the judgment and remand the matter for further sentencing proceedings.

## BACKGROUND

1. *The trial evidence.*

The information charged appellant with count 1, receiving stolen property, count 2, possession of burglary tools, and count 3, being under the influence of a controlled substance. It also alleged, inter alia, seven prior convictions pursuant to section 667.5, subdivision (b), the enhancement authorizing further punishment for

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

the service of a prior separate prison term for a felony.[2] During the proceedings, appellant waived his right to counsel and proceeded to trial in propria persona with the assistance of stand-by counsel.

The trial evidence established that in March 2012, there was a burglary at the business manager's office of a large Hawthorne apartment complex. Items such as keys, car keys, remotes and key fobs for the complex were removed from the premises. The service supervisor for the complex testified that these items had been stored in a closet in the office in the lost and found box.

Shortly before 12:38 a.m. on October 2, 2012, an employee of the apartment complex telephoned the sheriff's department to report that a local homeless person was inside the complex's secured and gated area. The man was apparently drunk, and he had no permission to be present inside the complex.

Los Angeles County deputy sheriffs responded and found appellant in the pool area of the complex. He was under the influence of methamphetamine. The deputies were aware appellant needed a key to enter that part of the complex. Appellant had a backpack with him, and one deputy recovered a number of car keys, remotes, complex keys and complex key fobs inside the backpack. At trial, the service supervisor testified that these items were stolen from the business office six months earlier. The deputies determined that one of the keys in appellant's possession opened a west security door to the complex. There was a screwdriver inside the backpack.

Appellant testified on his own behalf. He said he was homeless and admitted entering apartment complexes for shelter. He claimed he found the backpack full of keys and key fobs in the visitor's parking lot the same day as he was arrested for the instant receiving offense. The backpack was contained inside a box with some

---

[2] The information also alleged a prior conviction of assault as a strike and a prior serious felony, but apparently the assault conviction did not qualify as a prior serious or violent felony.

3

clothing. He made conflicting claims that he did not know the keys were for the complex, but he also said he intended to return the keys the following day to the business office when it opened. He explained he needed the backpack and wanted to keep it. Appellant claimed that day two residents had let him into the complex. He told them he needed to use the restroom. During cross-examination, appellant admitted he was arrested on March 18, 2012, for trespassing inside the same complex.

During appellant's cross-examination of the service supervisor, appellant inquired as to the value of the keys and other stolen items of which he was in illegal possession. The service supervisor could not assign a value to the stolen items.

After listening to all the evidence, the trial court announced its verdict of guilty of the count 1 receiving stolen property offense.

2. *The sentencing proceedings.*

During trial, appellant had made an issue of the value of the stolen items he had in his possession, apparently believing that he was entitled to be convicted of a misdemeanor if the illegally-received items' value was less than $950.[3]

As soon as the trial court announced its verdict, appellant said, "So what? It's going to be a misdemeanor or what?"

---

[3] The text of section 496, subdivision (a), reads in pertinent part as follows:
"Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. *However, if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year*." (Italics added.)

4

The trial court referred appellant to the text of section 496, subdivision (a). It said, "The statue says that the value of under -- there's no question the value of what you had was under $950. But it's up to the prosecutor to make the election in the interest as to whether or not it should be a misdemeanor. And they're electing to treat it as a felony."

The trial court read the pertinent subdivision of subdivision (a) of section 496 to appellant. The court explained that the prosecutor did not exercise its discretion in appellant's case to allege the offense as a misdemeanor. It speculated that because appellant had a prior record of felony convictions, the prosecutor had alleged this offense as a felony.

The trial court then proceeded with sentencing. During the ensuing proceedings, it did not mention its discretion pursuant to section 17, subdivision (b), which permits a trial court to exercise its discretion to determine whether a "wobbler" is a misdemeanor or a felony.

**DISCUSSION**

1. *Section 17, subdivision (b)(3).*

"The Legislature has classified most crimes as *either* a felony or a misdemeanor, by explicitly labeling the crime as such, or by the punishment prescribed. 'A felony is a crime that is punishable with death, [or] by imprisonment in the state prison . . . . Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions.' (§ 17, subd. (a).) There is, however, a special class of crimes involving conduct that varies widely in its level of seriousness. Such crimes, commonly referred to as 'wobbler[s]' [citation], are chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor; that is, they are punishable either by a term in state prison or by imprisonment in county jail and/or by a fine. (§ 17, subd. (b); *People v. Feyrer*

5

(2010) 48 Cal.4th 426, 430, 433, fn. 4).” (*People v. Park* (2013) 56 Cal.4th 782, 789 (fn. 4 omitted).)[4]

Receiving stolen property is one such offense. (*People v. Superior Court* (*Perez*) (1995) 38 Cal.App.4th 347, 354-355.)

Here, appellant specifically asked the trial court whether his offense would be classified as a misdemeanor. Reasonably, this request by appellant may have referred to the $950 in section 496 but also could have been construed by the trial court as a request for the reduction of a wobbler to a misdemeanor. The trial court

---

[4]   A recent amendment to section 17, subdivision (b), prompted by the Criminal Justice Realignment Act of 2011 (Stats. 2011, ch. 15, § 1), clarifies that “imprisonment in the state prison” includes imprisonment in a county jail pursuant to section 1170, subdivision (h)(1), (2), which provides that, unless certain enumerated exceptions apply, a defendant whose crime is punishable as a felony must serve his or her sentence in county jail rather than state prison. Section 17, subdivision (b) now reads in full: “When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170. [¶] (2) When the court, upon committing the defendant to the Division of Juvenile Justice, designates the offense to be a misdemeanor. [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation*, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor*. [¶] (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint. [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint.” (Italics added.)
As it turned out, at sentencing, the trial court included in its abstract of judgment an order for section 1170, subdivision (h)(1) and (h)(2) incarceration in the county jail.

referred appellant to section 496, subdivision (a)'s provision that provides a guideline for the exercise of the charging discretion of the prosecutor and grand jury. It did not exercise its discretion to consider appellant's section 17, subdivision (b) request.

In the circumstances, appellant is entitled to a remand for the trial court to consider his request. Accordingly, we will reverse the judgment and order a remand for the trial court so it may exercise its discretion pursuant to section 17, subdivision (b)(3), and resentence appellant.

2. *Unraised error.*

In reviewing the record, this court found a potential unraised error. We requested briefing from the parties.

The information alleged seven section 667.5, subdivision (b) enhancements for the service of a prior separate prison term. These one-year enhancements are proved by demonstrating a defendant "(1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction." (*People v. Tenner* (1993) 6 Ca1.4th 559, 563 (*Tenner*).)

During the evidentiary portion of trial and during the proceedings on the admission of a prior conviction, appellant acknowledged two convictions and the service of a prison term following his 2010 conviction for felony assault with a deadly weapon. During the formal admission procedure, appellant failed to make a full admission of all the elements of the enhancement. He never admitted he had not remained free for five years of both prison custody and the commission of a new criminal offense. (*People v. Epperson* (1985) 168 Cal.App.3d 856, 862-866 [striking enhancements for § 667.5 priors because defendant's admission to "convictions" did not include admissions of all necessary elements of the enhancements]; *People v. Lopez* (1985) 163 Cal.App.3d 946, 951, superceded by statute as explained in *People v. Carrasco* (1988) 202 Cal.App.3d 1078, 1081-1082 [the same].)

7

After considering the parties' briefing on the potential error, we determined appellant had admitted he had served a prior separate prison term for a felony. Appellant admitted at trial he had a 2010 prior conviction for felony assault with a deadly weapon (§ 245) and that he had served a prison term for that offense. [5] At the proceedings on the truth of the prior convictions, appellant admitted he was convicted of the seven offenses alleged as one-year priors. The trial court was entitled to infer from appellant's trial admissions and his arrest at the condominium complex on October 2, 2012, that he had served a separate prison term and did not remain free for five years of both prison custody and the commission of a new offense. (*People v. Crockett* (1990) 222 Cal.App.3d 258, 265-266; see also *Tenner, supra*, 6 Ca1.3d at pp. 565-566 [abstract of judgment and commitment form showing conviction and imprisonment and the official duty presumption are sufficient to demonstrate completion of the prison term].) Thus, the 2010 assault conviction qualified as a prior conviction pursuant to section 667.5, subdivision (b). There was evidence in the record accompanying appellant's admissions indicating he had served a prior separate prison term for a felony.

---

[5] The prosecutor's colloquy with appellant was, as follows: "Q. [The prosecutor:] Okay. And you do have a prior conviction for assault with a deadly weapon; right, from 2010? [¶] A. [Appellant:] Well, I got -- I got -- I went to prison for -- I got a deal, you know, it was -- [¶] Q. It's a felony, not a strike but a felony? [¶] A. It was a felony, yeah. It was a deal, you know. I prove it, you know. [¶] Q. But it was an assault with a deadly weapon? [¶] A. Assault, 245, Yes."

**DISPOSITION**

The judgment is reversed, and the matter is remanded to the trial court for resentencing after the trial court exercises its discretion pursuant to section 17, subdivision (b).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

KITCHING, J.

ALDRICH, J.

9