Filed 8/18/20  P. v. Sparrow CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D075887 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD280097) |
| DONTE RALPHAEL SPARROW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed in part and remanded for sentencing.

Marliee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Appellant.

During a heated argument with William P., defendant Donte Ralphael Sparrow pulled out a box cutter and threatened to kill him. A jury convicted Sparrow of assault with a deadly weapon and making a criminal threat. He appeals, arguing there was insufficient evidence that William was subjectively in fear to support the criminal threat conviction. He also seeks remand for resentencing, claiming the court was unaware of its discretion to strike his serious felony prior pursuant to Senate Bill No. 1393—or, alternatively, that his counsel was ineffective for not raising the issue. As we explain, there was sufficient evidence to support his criminal threat conviction even though the victim was not called to testify. But we accept Sparrow's latter claim, finding no tactical reason to explain defense counsel's failure to object. Accordingly, we remand for resentencing but in all other respects affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

One morning, Aeron W. and his husband, William P., were arguing outside a Burger King, with their bikes parked nearby. Standing about 12 feet away, Sparrow overheard their dispute and began to mock them. William told Sparrow to stay out of it, but Sparrow walked over and began a heated exchange. As things escalated, Sparrow took out a box cutter, pointed it at William's neck, and said, "I will kill you" and "I will cut your throat."

William, who was a "bit of a hot-head" responded, "if you are going to do it, do it, let's go." Sparrow took about ten swipes at William, bringing the blade within six inches of his body. Aeron was terrified and tried to diffuse the situation but was unsuccessful. This went on for about a minute before the plaza's security guard informed the group that the police were on their way.

Upon hearing this, Sparrow left, walking briskly toward the back of the Burger King. To ensure that he didn't get away, William called 911 and began to follow Sparrow at a distance. During his call, William told the dispatcher that Sparrow was swinging a knife at him and trying to chase him into traffic. He also twice told the dispatcher, "You guys better get over here."

Later, Aeron got on William's bike and began to follow the pair from across the street.[1] William had to keep dodging as Sparrow darted towards him. As Aeron caught up to them, William crossed the street and ran past him. Sparrow then crossed the street as well, but instead of going past Aeron, he stopped and attempted to take his bike. At this point, Sparrow did not have the knife in his hands.

San Diego Police officers arrived shortly after the bike scuffle began. As Officer Tyler Cockrell drove towards the scene, he saw William pointing animatedly in Sparrow's direction. After he was detained, Sparrow said that he had thrown the box cutter next to a nearby wall. William led Officer Scott Springer to a planter box where a red folding box cutter was found.

The San Diego County District Attorney charged Sparrow with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[2] making a criminal threat (§ 422), and attempted robbery (§§ 211, 664). As to all three counts, it was alleged that Sparrow personally used a deadly weapon in committing each offense (§§ 12202, subd. (b)(1), 1192.7, subd. (c)(23)). The information further alleged that Sparrow had suffered a prior serious felony conviction for

---

[1] Aeron used William's bike because his own bike was towing their personal belongings.

[2] Further statutory references are to the Penal Code.

3

a 2018 aggravated assault in case No. SCD277002, a strike. (§§ 667, subd. (a)(1), 1192.7, subd. (c); §§ 667, subds. (b)−(i), 1170.12.)[3]

Following a trial at which Aeron but not William testified, a jury convicted Sparrow on the assault and criminal threat counts but acquitted him of attempted robbery. The jury also found the personal weapon use allegation true as to counts 1 and 2. In a bifurcated proceeding, Sparrow admitted his prior serious felony conviction and strike prior.

The court sentenced Sparrow to an aggregate term of 12 years in state prison, calculated as follows: On the assault with a deadly weapon charge, he received the 3-year middle term, doubled by the strike. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) On the criminal threat conviction, the court imposed but stayed (§ 654) a 3-year upper term, doubled by the strike, plus a 1-year enhancement for the weapon use finding. A 5-year enhancement was added for his serious felony prior. (§ 667, subd. (a)(1).) Finally, Sparrow was also resentenced in case No. SCD277002, adding a 1-year consecutive term (one-third the 3-year middle term for assault with a deadly weapon) to his aggregate sentence. (§ 1170.1, subd. (a).)

## DISCUSSION

Sparrow challenges the sufficiency of the evidence to support his criminal threat conviction, arguing there was no evidence to indicate that the threats caused William to subjectively fear for his safety. He also argues sentencing error, claiming either the court was unaware of its discretion to strike the prior serious felony enhancement, or that counsel was ineffective in

---

[3] Sparrow was placed on four years of formal probation in case No. SCD277002 after pleading guilty to assault with a deadly weapon (§ 245, subd. (a)(1)). Probation was revoked in January 2019 when Sparrow was arrested in this case.

4

failing to raise that claim. We find no merit in Sparrow's sufficiency of the evidence claim, nor do we find any indication that the trial court was unaware of its discretion to strike his serious felony prior enhancement. However, because trial counsel should have asked to strike the enhancement, we remand the case for resentencing.

A.     *Insufficiency of the Evidence*

When reviewing the sufficiency of the evidence to sustain a criminal conviction, we "review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Bolin* (1998) 18 Cal.4th 297, 331, citing *People v. Johnson* (1980) 26 Cal.3d 557, 578.) "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatsoever is there sufficient substantial evidence to support [the conviction].' " (*Ibid.*; quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755.) The same deferential standard applies where the prosecution relies primarily on circumstantial evidence. (See *People v. Smith* (2009) 178 Cal.App.4th 475, 478.) If the circumstances " 'reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.' " (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11; quoting *People v. Stanley* (1995) 10 Cal.4th 764, 792; *In re George T.* (2004) 33 Cal.4th 620, 631.)

Sparrow challenges his conviction for making a criminal threat. A conviction under section 422 requires proof of five elements. (*People v. Toledo* (2001) 26 Cal.4th 221, 227–228 (*Toledo*).) Sparrow only challenges the fourth element: "that the threat actually caused the person threatened 'to be in

5

sustained fear for his or her own safety or for his or her immediate family's safety.' " (*Toledo*, *supra*, 26 Cal.4th at p. 228; quoting § 422, subd. (a).) This element is subjective and requires the prosecution to show that the victim was actually in sustained fear. (See *In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1140.)

Sparrow argues that nothing in the record indicates that William harbored any subjective fear, especially since William did not testify. He asserts the record only established that William was "angry as opposed to frightened" and highlights that he was a "bit of a hot-head" who was more prone to fight than flee when threatened. We are unpersuaded that anger and fear are mutually exclusive emotions. A rash actor can be afraid, and individuals predisposed to fight back when physically threatened may seem confident or calm in the moment. These tendencies do not preclude a subjective state of fear.

Sparrow also points to William's continued pursuit to argue he was not subjectively in fear. But he overlooks the fact that William kept his distance during the pursuit, called 911 for help, and repeatedly told the dispatcher, "You guys better get over here," as Sparrow made aggressive movements towards him with a blade. The facts are readily reconciled with a reasonable jury finding that William was following Sparrow to make sure he didn't get away, presumably because he deemed Sparrow a danger to himself and his husband. Thus, we reject Sparrow's assertion that William's conduct can only be reconciled with a state of anger and nothing more. Although William never testified he was afraid, in light of the whole record—including Sparrow's threats, use of a knife, and William's cautious pursuit and call for help—we conclude there was substantial evidence from which a jury could reasonably infer William was in fact afraid. (Compare *People v. Oritz* (2002)

6

101 Cal.App.4th 410 [even though the victim did not testify, the court found that his fear could be reasonably inferred from defendant's threat to kill him].)

There was also more than enough evidence for a jury to reasonably find that William's fear was sustained—i.e., extending "beyond what is momentary, fleeting, or transitory." (*People v. Allen* (1995) 33 Cal.App.4th 1149, 1156.) "Even if the encounter lasts only one minute, a person who is confronted with a firearm held by an angry perpetrator and who believes his or her death is imminent, suffers sustained fear." (*People v. Culbert* (2013) 218 Cal.App.4th 184, 190–191, citing *People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349.) We believe the same analysis applies when a stranger makes multiple slicing motions to a person's neck with a blade while threatening to kill him. A reasonable trier of fact could find that William was subjectively in fear, and that such fear went beyond a fleeting moment.

B.    *Resentencing pursuant to Senate Bill No. 1393*

Effective January 1, 2019, Senate Bill No. 1393 (Sen. Bill No. 1393) amended sections 667 and 1385 to permit trial courts to exercise discretion at sentencing to strike or dismiss five-year prior serious felony enhancements in "furtherance of justice." (Stats. 2018, ch. 1013, Sen. Bill No. 1393, §§ 1–2 (2017–2018 Reg. Sess.).) Previously, courts lacked such discretion. (§§ 667, former subd. (a)(1), 1385, former subd. (b); *People v. Williams* (1987) 196 Cal.App.3d 1157, 1160; see generally, *People v. Dearborne* (2019) 34 Cal.App.5th 250, 268.)

Sparrow was sentenced four months after the legislation took effect. During the sentencing hearing, his mental health and past substance abuse issues were discussed, as well as his prior serious felony conviction. Senate Bill No. 1393 was never discussed, nor did anyone mention the court's

discretion to strike the enhancement. The prosecutor merely said that "the serious felony prior would add five years." Similarly, defense counsel's statement in mitigation stated that "[a]s a result of the strike prior, Mr. Sparrow will have suffered the serious felony prior, with the new serious felony, for an additional 5 years." After imposing the terms for each count, the court pronounced that "[p]ursuant to Penal Code Section[s] 667(a)(1) and 1192.7(c) which was pled and admitted, the additional term of five years is imposed consecutively."

1. *The Trial Court's Exercise of Discretion*

Sparrow contends the trial court was unaware of its discretion to strike his serious felony prior pursuant to Senate Bill No. 1393. Although the court did not reference the amended statutes, we find no indication the court was not aware of its sentencing discretion. Generally, remand for resentencing is required "when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.) However, "remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion. Error may not be presumed from a silent record." (*Id.* at p. 1229.)

The cases Sparrow cites in his brief do not aid him—in each, it was clear from the record that the trial court did not or could not appreciate the scope of its discretion to impose a particular sentence. (See *People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1479–1480; *People v. Leon* (2016) 243 Cal.App.4th 1003, 1026; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 424.) No such indication is found here in the court's sentencing pronouncement. Furthermore, neither probation report nor the prosecution suggested that the court was obligated to impose the enhancement.

8

(Compare *People v. Lee* (2017) 16 Cal.App.5th 861, 867–869 [prosecutor explicitly denied that the court had discretion to reduce the counts to misdemeanors at sentencing].)  Given this silent record, we cannot assume the trial court was operating under a mistaken belief as to the scope of its authority.  (See *People v. Jones* (2017) 3 Cal.5th 583, 616 [" 'In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law." ' "].)

   2. *Ineffective Assistance of Counsel*

  Relatedly, Sparrow argues that even if the court was aware of its discretion under Senate Bill No. 1393, trial counsel was ineffective for failing to ask the court to strike the serious felony prior.  Such claims are usually more appropriately brought by a petition for habeas corpus.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)  Nevertheless, we reach the merits of Sparrow's argument here, finding this to be the rare instance in which the record on direct appeal suffices to consider the claim.

  "To make a successful claim of ineffective assistance of counsel, the defendant must show that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's deficient representation subjected the defense to prejudice, i.e., there is a reasonable probability that but for counsel's failings the result would have been more favorable."  (*People v. Bell* (1989) 49 Cal.3d 502, 546, citing *Strickland v. Washington* (1984) 446 U.S. 668, 694 (*Strickland*); *People v. Anderson* (2001) 25 Cal.4th 543*,* 569 (*Anderson*).)  "When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no

9

satisfactory explanation." (*Anderson*, at p. 569, citing *People v. Pope* (1979) 23 Cal.3d 412, 426.)

We cannot hypothesize any satisfactory explanation here for why counsel would not seek to dismiss the five-year enhancement at sentencing. Our Supreme Court has recognized that while a court is required to impose a sentence lawfully, "counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing." (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Here, Senate Bill No. 1393 had been in effect for four months at the time of sentencing. "It is a basic rule of professional conduct that a lawyer must maintain competence by keeping abreast of changes in the law and its practice." (*United States v. Kwan* (2005) 407 F.3d 1005, 1016.) Yet defense counsel did not ask the court to consider striking Sparrow's serious felony prior during the proceeding and seemed to assume the additional five-year enhancement would be added as a result of the prior. There could be no valid tactical reason for such an omission. (Compare *Anderson*, *supra*, 25 Cal.4th at pp. 569–570 [there was a conceivable, tactical reason for why defense counsel did not object to prosecution's use of a peremptory challenge].) Accordingly, we conclude that defense counsel's failure to raise and argue the court's discretion under Senate Bill No. 1393— either at the sentencing hearing or in documents considered by the court prior to the hearing—amounted to constitutionally deficient performance.

Having concluded that counsel provided inadequate assistance, we must consider whether there was a reasonable probability that Sparrow would have obtained a more favorable result if counsel had performed adequately. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " (*People v. Staten* (2000) 24 Cal.4th 434, 451; quoting *People v. Ledesma* (1987) 43 Cal.3d 171, 217–218.) Given

Sparrow's somewhat limited criminal history and the possibility that his mental health factored into his conduct at the Burger King, we cannot say the trial court would have declined to strike the serious prior conviction pursuant to Senate Bill No. 1393 had the argument been made. His prior serious felony conviction happened just a year before the charged offenses and resulted only in formal probation. At sentencing, the court carefully weighed the aggravating and mitigating circumstances for each conviction, and "nothing in the record rules out the possibility that the court would exercise its discretion to strike the . . . enhancement." (*People v. McDaniels, supra,* 22 Cal.App.5th at pp. 427−428.)

On this record, there is enough uncertainty in the outcome to require remand for a new sentencing hearing.[4]

---

[4] The defendant's name on the abstract of judgment should also be corrected from "Donte Ralphaela Sparrow" to "Donte Ralphael Sparrow."

## DISPOSITION

The matter is remanded for resentencing, at which time the court may in its discretion decide whether to strike the five-year enhancement for Sparrow's serious prior felony under section 667, subdivision (a)(1). Upon resentencing, the clerk of the superior court shall prepare an amended abstract of judgment reflecting the corrections noted above and conforming to the court's oral pronouncement of the judgment at resentencing. The clerk is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

DATO, J.

WE CONCUR:


BENKE, Acting P. J.


GUERRERO, J.

12