Filed 6/7/21  P. v. Hughes CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>            v.<br><br>BRIAN KEITH HUGHES,<br><br>      Defendant and Respondent. | F078960<br><br>(Super. Ct. No. VCF372194)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Bret R. Alldredge, Judge.

Tim Ward, Tulare County District Attorney, Dan Underwood, Chief Deputy District Attorney, Dave Alavezos, Assistant District Attorney, Cindy Underwood and Adam Clare, Deputy District Attorneys, for Plaintiff and Appellant.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

## INTRODUCTION

Defendant and respondent Brian Keith Hughes entered an open plea of guilty to assault with a deadly weapon. (Pen. Code,[1] § 245, subd. (a)(1).) In addition, Hughes admitted he had suffered a prior qualifying conviction under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd. (a)), and one prior prison term (§ 667.5, subd. (b)). In conformity with its indicated sentence, the trial court imposed a sentence of four years in state prison, but inadvertently failed to address the prior serious felony enhancement allegation. Following sentencing, the court struck the enhancement allegation.

The People raise the following issues on appeal: (1) the trial court imposed an unlawful sentence by dismissing the prior serious felony enhancement allegation without contemporaneously providing a statement of reasons for doing so; (2) the court abused its discretion by dismissing the enhancement allegation; and (3) the trial court imposed an unlawful sentence by failing to impose mandatory fines, fees, and assessments. We affirm.

## PROCEDURAL HISTORY

On October 24, 2018, the Tulare County District Attorney's Office filed a criminal complaint charging Hughes with assault with a deadly weapon, a knife (§ 245, subd. (a)(1).) The complaint further alleged Hughes had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and he had served a prior prison term (§ 667.5, subd. (b)).

On October 24, 2018, Hughes was arraigned on the complaint.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

On January 14, 2019, Hughes entered a plea of guilty to the felony complaint and admitted the enhancement allegations. The court had indicated a prison sentence of four years based on the lower term of two years for the assault with a deadly weapon (§ 245, subd. (a)(1)), doubled for Hughes's prior strike. The court acknowledged it would arrive at this sentence by striking the five-year prior serious felony enhancement and the prior prison term enhancement. The People objected. The court postponed sentencing pending the preparation of a report by the probation department.

On February 13, 2019, the court sentenced Hughes to a prison term of four years. The court did not strike or impose the prior serious felony enhancement. Relying upon *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the court also declined to impose the mandatory fines and assessments.

On March 6, 2019, the People filed a timely notice of appeal.

On March 14, 2019, the People filed an amended notice of appeal.

On June 4, 2019 (June 4th), the People placed the instant case on calendar in the trial court. The People advised the court that, at sentencing, the court had failed to address the prior serious felony enhancement, although it was clear the court had intended to strike the enhancement. The court struck the enhancement over the People's objection.

## FACTUAL HISTORY

On October 21, 2018, Hughes attacked J.S. by pushing him and stabbing him with a knife. J.S. was attempting to deliver food to a residence. Hughes was on probation at the time of the offense. He had also recently completed an eight-year prison term for the commission of assault with a deadly weapon with great bodily injury.

**DISCUSSION**

I.    **The Trial Court's Failure to Provide a Statement of Reasons for Striking the Prior Serious Felony Enhancement**

According to the People, pursuant to section 1385, the trial court was required to provide a statement of reasons for striking the prior serious felony enhancement at sentencing or at the June 4th postsentencing hearing. Hughes contends the trial court properly struck the enhancement and had provided a statement of reasons supporting its decision at the change of plea hearing.

The record shows the trial court provided a statement of reasons supporting its intention to strike the prior serious felony enhancement at the change of plea hearing. When the court subsequently struck the enhancement, it merely acted in conformity with its stated intention as the court relied upon its previously stated rationale. We therefore reject the People's assertion that the court failed to comply with the requirements of section 1385.

A.    **Background**

On January 14, 2019, at the change of plea hearing, the trial court offered an indicated sentence of four years. To arrive at this sentence, defense counsel explained "the Court would need to strike the 667(a) enhancement." The People objected. The People acknowledged Hughes's prior conviction had occurred in 2008, but the prior conviction was for a violent offense and the current offense was based upon "a violent crime with a weapon."

Ostensibly referencing Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill No. 1393), the court acknowledged it had "newly granted jurisdiction" to strike or impose the prior serious felony enhancement. The court stated it was prepared to strike the "nickel prior," explaining the five-year enhancement was based upon the same facts as those underlying the strike allegation. The court explained while it was not prepared to

strike Hughes's prior strike, it was prepared "to strike the nickel given the facts that [it had] been made aware of."

For purposes of clarifying the record, defense counsel stated the parties had a discussion in chambers regarding counsel's request to strike the prior serious felony enhancement. According to defense counsel, the nature of the victim's injuries and Hughes's status as a "CVRC client" also supported striking the enhancement.[2]

Following Hughes's waiver of his constitutional rights and the court's acceptance of his guilty plea, the court stated, it "will strike and not impose either the nickel prior or the prior prison allegation." The case was referred to the probation department.

On February 13, 2019, at sentencing, the court pronounced judgment as follows:

> "[THE COURT]: In this case, Mr. Hughes'[s] application for probation is denied.
>
> "In Count 1, he is committed to state prison for the low term of two years doubled to four years pursuant to Section 1170.12(c)(1), with credit for 115 days spent in custody awaiting sentence, plus 57 days good conduct and 57 days work time credit, for a total of 229 days.
>
> "He's advised he may be placed on parole for a period not to exceed three years, and may be subject to return to prison for one year for violation of parole.
>
> "In the absence of any evidence proffered by the People he has the ability to pay, the Court declines to impose a restitution fine pursuant to Section 1202.4, as well as the parole revocation restitution fine. [¶]…[¶]
>
> "The Court declines to impose an operations assessment and conviction assessment, again, pursuant to the authority in the case of People versus Duenas."

---

[2] "CVRC" refers to Central Valley Regional Center in Visalia, which assists mentally disabled individuals.

Although the transcript from the sentencing hearing does not reference the prior serious felony conviction or the prior prison term enhancement, the minute order from the hearing includes a handwritten notation stating, "Punishment Pursuant to PC 667.5(b) – Stricken." Thus, the court had stricken the prior prison term enhancement allegation.

On June 4, 2019, the People placed the matter on calendar. At the hearing—which occurred after the People filed their notice of appeal—the parties stipulated it was the court's clear intent to strike the "nickel prior." Insofar as the court had failed to do so, it stated it was prepared to do so at the time of the hearing. The court commented that it did not "remember the case at all," and asked whether the strike had been imposed but the nickel prior had not been imposed. The prosecutor confirmed the court's understanding was correct.

The court asked whether it had articulated a rationale for intending to strike the nickel prior. The People confirmed the court had done so "at the change of plea [hearing but] … not at the sentencing."

The court responded as follows:

"[THE COURT]: Okay. So the Court notes that the People have appealed the ruling and so apparently there's no need for me to make any findings, but it needs to be clear that it was the intent, at the time of sentencing, to strike the nickel prior, and I've got to assume, … that was over the People's objection."

The People responded affirmatively. Neither the People nor defense counsel requested clarification regarding the court's statement of reasons for striking the enhancement. The minute order from the hearing states, "Court strikes PC 667(a)(1) over the People's objection."

**B. Relevant Legal Principles**

Prior to January 1, 2019, sentencing courts were required to impose a five-year consecutive term for "[a]ny person convicted of a serious felony who previously has been

6.

convicted of a serious felony" (former § 667, subd. (a)(1)), and the court had no discretion "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667" (former § 1385, subd. (b)). (See *People v. Williams* (1987) 196 Cal.App.3d 1157, 1160 [former § 1385 "remove[d] from the trial court all discretion to strike the prior felony convictions, thus rendering imposition of a five-year enhancement for each such prior conviction a certainty"].) However, following the passage and subsequent enactment of Senate Bill No. 1393, the Legislature ended the statutory prohibition against using section 1385 to strike prior serious felony enhancements under section 667, subdivision (a). (Stats. 2018, ch. 1013, §§ 1-2.)

If a sentencing court exercises its discretion to strike a prior serious felony enhancement, the trial court must state its reasons for dismissal "orally on the record." (§ 1385, subd. (a).) And, if requested by either party or when the proceedings are not being reported by a court reporter, "[t]he court shall also set forth the reasons in an order entered upon the minutes." (*Ibid*.) This mandate is not subject to forfeiture because it inures to the benefit of the public by ensuring that a clear record is developed, which promotes judicial accountability. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1304 [the requirement " 'assur[es] that a court through neglect or abuse of discretion has not misused the "great power" of dismissal' "].) As a result, if the trial court fails to provide reasons supporting a section 1385 dismissal order, the sentence is unauthorized, and reversal is required. This is so even in the absence of a timely objection by the parties.

### C.    Analysis

#### 1.    The Court Did Not Strike the Enhancement at the Change of Plea Hearing or at Sentencing

Hughes contends the court struck the enhancement at the change of plea hearing after stating its reasons on the record. The record belies his assertion.

Although the trial court had clearly intended to strike the prior serious felony conviction, it inadvertently failed to do so at sentencing. The court discussed its intention to do so at the change of plea hearing, it offered several reasons supporting its decision, but it declined to proceed immediately to sentencing, explaining it wanted a report from the probation department. At sentencing, the court sentenced Hughes to a prison term of two years, doubled to four years based upon his prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Neither the reporter's transcript from the sentencing hearing nor the minute order reference the five-year prior serious felony enhancement.

Following the sentencing hearing, the court acknowledged it had intended to strike the enhancement, but that it had previously failed to do so. The minute order from the June 4th hearing includes a handwritten notation stating, "Court strikes PC 667(a)(1) over the People's objection." Thus, contrary to Hughes's assertion, the trial court did not strike the prior serious felony enhancement at the change of plea hearing, nor did it do so at the time of sentencing. The record shows the court had announced its intent to strike the enhancement, but it had unintentionally failed to address the enhancement at sentencing. The court did not actually strike the prior serious felony enhancement until June 4th, at the postsentencing hearing.

## 2. The Trial Court Properly Corrected its Sentencing Error

In part 1, we concluded the record showed the court did not strike the prior serious felony enhancement until June 4, 2019, after Hughes had been sentenced. The People contend the court's failure to provide a statement of reasons for striking the enhancement at the time of sentencing or the June 4th hearing necessitates reversal of his conviction. We disagree.

The record supports the conclusion that the trial court had clearly intended to strike the enhancement, and it provided a statement of reasons announcing its intention at

the change of plea hearing. The error here is therefore more closely analogous to a clerical error than a judicial error. A clerical error is correctible at any time. "It is well established that a sentence which is the result of clerical error (in the sense of inadvertence, though committed by the judge) may be corrected at any time, by the trial court or the reviewing court." (*People v. Menius* (1994) 25 Cal.App.4th 1290, 1294-1295.)

Here, the trial court merely corrected a sentencing error when it struck the prior serious felony enhancement.[3] At the hearing, the People acknowledged that the court had provided a statement of reasons for striking the enhancement at the change of plea hearing. The court relied upon its previously articulated statement of reasons in striking the enhancement on June 4th. Thus, this is not a case where the trial court failed to exercise its sentencing discretion or failed to provide any rationale for exercising its discretion. Rather, the court merely failed to execute both acts at the same time.

Under the circumstances, remanding this matter back to the trial court merely to adhere to ritualistic form would be a fruitless endeavor. (See *People v. Blessing* (1979) 94 Cal.App.3d 835, 839 [declining to order remand where the record did not foreclose appellate review of the trial court's sentencing decision].) The sentence imposed was based upon the trial court's indicated sentence of four years in state prison. The court had clearly intended to strike the enhancement and had acted in conformity with its stated intention when it struck the enhancement at the June 4th hearing. Thus, the record in this case does not support the conclusion that the trial court, on remand, will impose the enhancement. Moreover, upon the record before us, this court is not foreclosed from

---

**3** We acknowledge the People's suggestion that the June 4th order may be a "legal nullity" because the court may not have retained jurisdiction to correct its sentencing error once the People filed their notice of appeal. Because we agree with their conclusion that the error was ultimately correctible, we need not address the People's discussion of *People v. Nelms* (2008) 165 Cal.App.4th 1465.

9.

determining whether the trial court's act of striking the prior serious felony enhancement was an abuse of discretion.

The People assert *People v. Bonetta* (2009) 46 Cal.4th 143 (*Bonetta*) supports the conclusion that the trial court's error here resulted in the imposition of an unauthorized sentence. *Bonetta* is factually distinguishable from the instant case.

In *Bonetta*, our Supreme Court held it was reversible error for the trial court not to enter its reasons for a dismissal upon the minutes, although the reasons for the dismissal were apparent from the transcript of the sentencing hearing. (*Bonetta, supra,* 46 Cal.4th at pp. 148-153.) At the time of the defendant's sentencing hearing, former section 1385 required the trial court to state its reasons for a dismissal upon the record and in the minute order.[4] The court held reference to the reporter's transcript was insufficient to cure the court's failure to set forth the reasons for the dismissal upon the minutes, as the requirement that the reasons be set forth in the minutes was mandatory. (*Bonnetta, supra,* at p. 149.) According to the court, "[t]he cases have long held a dismissal without a written statement of reasons is invalid and of no effect regardless of the reviewing court's belief that the reasons for the dismissal can be discerned from other portions of the record." (*Ibid*.)

The defendant asserted the prosecution had forfeited their right to challenge the error by failing to object in the trial court. The *Bonetta* court rejected that argument, explaining, "because a minute order is entered by the court only *after* the hearing, the

---

**4**    Following *Bonnetta*, the Legislature amended section 1385 so that it no longer requires the sentencing court's reasons for dismissal to be entered upon the minutes. (See *People v. Jones* (2016) 246 Cal.App.4th 92, 96.) Subdivision (a) of section 1385 requires the court state its reasons for dismissal "orally on the record." The court is only required to set forth the reasons for a dismissal in the minute order "if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter." (§ 1385, subd. (a).)

district attorney cannot easily ensure that it is entered or detect its absence." (*Bonetta, supra,* 46 Cal.4th at p. 152.) The court further declined to find forfeiture because the requirement inures to the benefit of the public "by assuring that a court through neglect or abuse of discretion has not misused the 'great power' of dismissal." (*Id*. at pp. 152-153.)

Here, as distinguished from *Bonetta*, the record supports the conclusion the trial court complied with section 1385. At the June 4th hearing, the People acknowledged the trial court had provided a statement of reasons supporting dismissal of the prior serious felony enhancement at the change of plea hearing. Relying upon the People's assertion that its rationale had been previously stated, the court concluded that no findings would have to be made and it struck the enhancement.

Unlike the deficient minute order in *Bonetta*, the People here had ample opportunity to request the court restate its rationale for striking the enhancement. Indeed, the People placed the instant case on calendar for a hearing on June 4th to address the court's failure to strike the prior serious felony enhancement. It would not have been the least bit burdensome for the People to raise an issue concerning the trial court's statement of reasons at this hearing. Because the People declined to do so, we presume the trial court's statement of reasons provided at the change of plea hearing was sufficient.

Although we conclude reversal is not required here, we emphasize that if a trial court exercises its statutory authority under section 1385, to strike an enhancement, an explicit statement of reasons should be issued *contemporaneously* with the trial court's act. This promotes judicial accountability by ensuring a clear record is developed for appellate review. Absent a clear record, we will not sift through the transcripts to cobble together a statement of reasons explaining the court's decision. Such an endeavor would only invite speculation on our part.

11.

## II. The Trial Court Acted Within its Discretion in Dismissing the Prior Serious Felony Enhancement

The People further contend the trial court abused its discretion by dismissing the prior serious felony enhancement. We disagree.

### A. Standard of Review

" ' "[A] court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is" reviewable for abuse of discretion.' " (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116, citing *People v. Carmony* (2004) 33 Cal.4th 367, 373; accord, *People v. Shaw* (2020) 56 Cal.App.5th 582, 587.) Our review is guided by two fundamental principles. " 'First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citation.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*Pearson*, at p. 116.)

### B. Analysis

The record demonstrates the court considered relevant factors in determining whether to strike or impose the prior serious felony enhancement allegation and concluded striking the enhancement allegation was warranted in the "furtherance of justice." (§ 1385.) The court considered the following factors: First, the prior serious felony enhancement and the strike allegation were based upon the same prior conviction.

Second, the nature of the injuries Hughes inflicted upon the victim, and the facts of the case. Third, Hughes was a "CVRC" client.

The People assert Hughes's lengthy criminal history, his violent conduct, and the fact that he had only recently been released from prison at the time of the instant offense support the conclusion that "the interests of justice did not favor striking the prior serious felony [enhancement]."

At sentencing, the trial court stated it had reviewed and considered the probation officer's report. Although the report was not made part of the record on appeal, we can reasonably infer Hughes's prior criminal history was detailed in the report. We therefore presume the trial court considered Hughes's criminal history in exercising its discretion to strike the enhancement, but nonetheless determined the enhancement should be stricken in the interests of justice. Nothing upon this record demonstrates the court's sentencing decision was irrational or arbitrary. (*Pearson, supra*, 38 Cal.App.5th at p. 116.)

The People further contend the trial court's comments made in support of striking the prior serious felony enhancement evince a misunderstanding of the distinction between the purpose and application of the Three Strikes law and the five-year enhancement allegation. Neither the People's argument nor our independent review of the record persuades us the trial court misunderstood the scope of its sentencing discretion, or that the court struck the prior serious felony enhancement "solely because of personal antipathy to the law." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 981.) We conclude the People's argument is without merit.

## III.   Sentencing Court's Failure to Impose Fines and Fees

Finally, the People assert the trial court's failure to impose mandatory fines and assessments resulted in an unlawful sentence. Hughes concedes the trial court

improperly charged the People with proving he had the ability to pay the fines and assessments, but he argues the error did not result in an unauthorized sentence, nor did it prejudice the People.

With respect to the restitution fines, we conclude the People's failure to object resulted in waiver of their claim that the court erred in failing to impose the fines. Although the restitution fine is generally mandated by statute, a trial court may decline to impose the fine if it "finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b).)[5] As a result, the Supreme Court has characterized the imposition of a restitution fine as a "discretionary sentencing choice" subject to the rule of waiver. (*People v. Tillman* (2000) 22 Cal.4th 300, 303 (*Tillman*). Thus, any challenge to the restitution fine and the matching parole revocation fine is waived based on the People's failure to object below. (*Id*. at pp. 302-303.)

Regarding the assessments, *Dueñas*, *supra*, 30 Cal.App.5th 1157, has clarified the assessments are no longer mandatory per se because a court must decline to impose assessments where a defendant lacks the ability to pay. (*Id*. at pp. 1164, 1168.) This court has agreed with *Dueñas* on this point. In *People v. Son* (2020) 49 Cal.App.5th 565, we held, "the Constitution prohibits imposition of the court operations and court facilities assessments on those who are unable to pay." (*Id*. at pp. 590-591.)[6] Thus, to the extent

---

**5** Although "[a] defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine," (§ 1202.4, subd. (c)), at least one appellate court has held this provision is unconstitutional as applied. (See *People v. Cowan* (2020) 47 Cal.App.5th 32, 50, review granted June 17, 2020, S261952 [where a restitution fine is deemed "excessive" under the federal and state Constitutions, the ruling prohibits imposition of the fine, even if it is stayed].)

**6** The question of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments and, if so, which party bears the burden of proof regarding the defendant's ability to pay, is currently pending review

14.

the People failed to object to the trial court's failure to impose such assessments, the issue is also deemed waived.

## A. Background

Following imposition of Hughes's prison term, the court stated the following:

"In the absence of any evidence proffered by the People he has the ability to pay, the Court declines to impose a restitution fine pursuant to Section 1202.4, as well as the parole revocation restitution fine.

"Any and all restitution to the victim J.S. as well as the Victim's Compensation Claims Board in Sacramento shall remain open.  [¶ ]…[¶ ]

"The Court declines to impose an operations assessment and conviction assessment, again, pursuant to the authority in the case of People versus Duenas."

## B. Waiver

Hughes asserts the People's failure to object to the trial court's ruling declining to impose required fines and assessments is waived.  Additionally, according to Hughes, the People failed to raise this issue in their notice of appeal, which forecloses appellate review of this issue.  We conclude the People's failure to object resulted in waiver of their claim on appeal.  Consequently, we need not address Hughes's argument that the People's notice of appeal forecloses appellate review of this issue.

Hughes contends *Tillman*, *supra*, 22 Cal.4th 300, is instructive.  In *Tillman*, the trial court failed to impose a restitution fine under section 1202.4, subdivision (b) and did not state reasons for not imposing the fine.  The section 1202.4 restitution fine is mandatory unless the trial court finds compelling and extraordinary reasons for not doing so and states those reasons on the record.  The matching restitution fine under section

_____

before the California Supreme Court.  (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

1202.45 is also mandatory when the sentence imposed includes a term of parole. This fine is suspended until parole is revoked. (*Tillman*, at pp. 301-302, fn.1.)

In *Tillman*, the Court of Appeal modified the judgment by adding a restitution fine under section 1202.4, subdivision (b), and a matching parole revocation restitution fine under section 1202.45 in the same amount. Our Supreme Court reversed, holding the People's failure to object below resulted in waiver of the issue on appeal. (*Tillman*, *supra*, 22 Cal.4th at p. 303.) The court reasoned, " '[a]lthough the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. *Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention.* As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them.' " (*Ibid.*, quoting *People v. Scott (1994)* 9 Cal.4th 331, 353.)

The People argue *Tillman* is inapplicable because it involved the trial court's failure to impose a restitution fine under 1202.4, subdivision (b), without stating its reasons for doing so. However, we are persuaded the instant case presents a stronger claim for applying waiver than the circumstances present in *Tillman*. Here, the trial court *did* state a reason for declining to impose fines and assessments; it concluded Hughes lacked the ability to pay them. Insofar as the trial court may have applied *Dueñas* in an erroneous manner, the issue could have been easily addressed had the People timely objected. There is no reason to treat the People's failure to challenge the trial court's sentencing error here any differently than in *Tillman*.

The People contend because *Dueñas* was binding upon the trial court at the time of Hughes's sentencing hearing, any objection would have been futile. Although the trial court was bound to follow *Dueñas,* the People's principal argument is that the trial court misapplied *Dueñas.* The trial court placed the burden of showing Hughes had the ability

to pay upon the People, and the court held an ability to pay hearing although Hughes failed to contest his ability to pay court fines and assessments. Plainly, it would not have been futile for the People to object on this basis.[7]

## DISPOSITION

The judgment of conviction is affirmed.

SMITH, Acting P.J.

WE CONCUR:

SNAUFFER, J.

DE SANTOS, J.

---

[7] The parties observe this court has expressly disagreed with the holding in *Dueñas*. (See *People v. Son*, *supra*, 49 Cal.App.5th 565.) The trial court is not constrained to follow a decision by this court merely because the lower court falls within our appellate jurisdiction. As a practical matter, where there are competing decisions among the appellate courts, a trial court may follow the authority it finds to be the most persuasive. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal. 2d 450, 455-456 [Although divided into divisions, the appellate courts are, in reality, one court of appeal. Thus, a trial court must pick between conflicting appellate decisions].)